**Wayne Earl BILLINGSLEY, Appellant,**

v.

**Judge Harold A. KYSER; John O'Bannon, Appellees.**

**No. 82–1701.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1982.

Decided Oct. 20, 1982.

be present or objected to the absence of a court reporter.

**389**

John Ashcroft, Atty. Gen., Kelly Klopfenstein, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

R. Gregory Gore, R. Gregory Gore, P. C., Kansas City, Mo., for appellant.

Before HEANEY and ROSS, Circuit Judges, and HENLEY, Senior Circuit Judge.

PER CURIAM.

Plaintiff, who was convicted for rape, appeals the dismissal of his complaint against a Missouri circuit court judge and a prosecuting attorney, in which he alleged that the defendants violated 42 U.S.C. § 1983 by amending his sentence, even

1. The district court notes that plaintiff apparently no longer is incarcerated.

though they knew that because the appeal of his conviction was pending, the court had no jurisdiction to amend his sentence. He asserts that in reliance on the invalid amendment, he dismissed his appeal, with the result that he lost the right to appeal and was incarcerated according to the original sentence.[1] The district court [2] dismissed the complaint on the grounds of judicial and prosecutorial immunity. We affirm.

It is established that a judge is immune from liability for damages if he had jurisdiction over the subject matter and if he acted in his judicial capacity, *Birch v. Mazander,* 678 F.2d 754, 755 (8th Cir. 1982), and that prosecutors are similarly protected by a derivative form of immunity. *Duba v. McIntyre,* 501 F.2d 590, 592 (8th Cir. 1974), *cert. denied,* 424 U.S. 975, 96 S.Ct. 1480, 47 L.Ed.2d 745 (1976). Plaintiff contends that because jurisdiction was vested in the appellate court at the time of the purported sentence amendment, the judge was acting without jurisdiction and therefore is not entitled to judicial immunity. However, as explained by the district court, there is a distinction between acts done in excess of jurisdiction, in which case judicial immunity still applies, and acts done in complete absence of subject-matter jurisdiction, in which case a judge may be deprived of judicial immunity. *See Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978). A judge acts in excess of jurisdiction if the act complained of is within his general power of jurisdiction but is not authorized because of certain circumstances. *Id.; Duba v. McIntyre,* 501 F.2d at 592.

In the present case, plaintiff concedes that Judge Kyser was empowered to rule on criminal matters, including motions to amend sentence. Thus, even though Judge Kyser may have lacked authority to amend plaintiff's sentence because of the pending appeal, we agree with the district court that the judge, in ruling on plaintiff's motion to amend sentence, acted in his judicial

2. The Honorable Howard F. Sachs, United States District Judge, Western District of Missouri.

capacity and within his general jurisdiction. *See Birch v. Mazander,* 678 F.2d at 756.

We therefore conclude that the district court properly dismissed plaintiff's complaint on the grounds of judicial and prosecutorial immunity.

Affirmed.