**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David L. SNODDY and Donald E. Gilbreth, Defendants–Appellants.**

No. 88–3245.

United States Court of Appeals, Fifth Circuit.

Jan. 9, 1989.

---

**71.** *Ross,* 102 S.Ct. at 2163 n. 9 (emphasis added).

**72.** Ronald Dworkin, *Taking Rights Seriously* 92 (1978).

Michael S. Fawer, Herbert V. Larson, Jr., New Orleans, La., for defendants-appellants.

Peter Strasser, Asst. U.S. Atty., John Volz, U.S. Atty., Robert J. Boitmann, Asst. U.S. Atty., New Orleans, La., for plaintiff-appellee.

Before RUBIN, GARZA and KING, Circuit Judges.

GARZA, Circuit Judge:

These defendants appear before us for the second time. The first time was in an appeal from the jury verdict against them on drug trafficking charges. We affirmed that conviction. Here defendants appeal the denial of their Motion for a New Trial. For the reasons stated below, we affirm.

### Background

The facts upon which defendants were originally convicted are fully set out in our opinion in *United States v. Nixon*, 777 F.2d 958 (5th Cir.1985). For purposes of this appeal, we need only summarize them here.

On April 24, 1984, defendants David Snoddy, Donald Gilbreth and Arthur Nixon were convicted of various counts of attempting to purchase and distribute approximately 43,000 pounds of marihuana. They were sentenced to eleven years imprisonment and three years probation. Special Agent David Paige, of the Drug Enforcement Agency (DEA), and three DEA confidential informants, James Marshall, James McMillan and Donald Smith posed as "big-time" drug dealers. Between October 26, 1983 and November 27, 1983, they negotiated to sell a large quantity of marihuana to defendants Snoddy, Gilbreth and Nixon. Agent Paige was assisted at various times during the operation by special agents George Cazenavette, David Gorman and Joe Ruggiero. Paige was the agent in charge of the operation from its inception and he attended all of the meetings with the defendants. One or another or the agents assisting him, however, was also present during all of the various negotiations.

Snoddy, Gilbreth, and Nixon raised the defense of entrapment at trial. The government responded with testimony from all of the DEA agents which demonstrated that the defendants were willing participants in the drug transaction. In addition, the government presented substantial evidence to show, in the words of the district court, that "Snoddy and Gilbreth were experienced drug dealers who were heavily involved in the drug business." The entrapment defense failed and defendants were convicted.

Snoddy and Gilbreth now argue that newly discovered evidence, primarily obtained from James Marshall, one of the confidential informants, was sufficient for the district court to grant their Motion for a New Trial. They urge that Judge Collins abused his discretion in denying that mo-

tion.[1] They claim that the new evidence reveals David Paige as a corrupt government agent who profitted from the illegal activities of his confidential informants and then lied about those activities at trial. They also argue that the government withheld evidence of this corruption from them, in violation of *Brady v. Maryland,* and that the result would have been different had this evidence been presented to the jury at trial.

### Discussion

■ The defendants base their Rule 33 Motion for a New Trial upon the allegation that the prosecution suppressed evidence in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The Supreme Court has stated that *Brady* applies to situations involving "the discovery, after trial, of information which had been known to the prosecution but unknown to the defense." *U.S. v. Agurs,* 427 U.S. 97, 103, 96 S.Ct. 2392, 2397, 49 L.Ed.2d 342 (1976). Defendants assert that Agent Paige knew about the illegal activities of his confidential informants, that he profitted from those activities, and that he lied about them on the witness stand.

At the hearing on defendants' motion, the district court found no credible evidence indicating that the prosecution knew about the corruption of David Paige before or during the trial of this case. Fredericka Homberg, the Assistant United States Attorney who prosecuted the case, testified at the hearing that she was unaware of the illicit relationship between Paige and the informants. Snoddy and Gilbreth wish to impute to the prosecution the knowledge of Paige's perjury.

■ It is, indeed, true that the police authorities are a part of the prosecution; perjured testimony by the police raises due process concerns whether or not the perjury is known to the prosecuting attorney. Even where a government agent commits perjury on the witness stand, however, it must be shown that the perjury was in some way relevant to the guilt or innocence of the defendant. In other words, to prevail upon a Rule 33 motion, the defendant must demonstrate that the newly discovered evidence of perjury "would probably produce a different verdict in the event of a re-trial." *United States v. Kahn,* 472 F.2d 272, 287 (2d Cir.1973).

The Supreme Court has addressed itself to the materiality of newly discovered evidence. In the *Agurs* case, the Court observed:

> [I]f the omitted evidence creates a reasonable doubt that did not otherwise exist, constitutional error has been committed. This means that the omission must be evaluated in the context of the entire record. If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial.

*United States v. Agurs,* 427 U.S. 97, 112–13, 96 S.Ct. 2392, 2401–02, 49 L.Ed.2d 342 (1976) [footnote omitted].

Agent Paige testified falsely with respect to his involvement in the illegal activities of his confidential informants. Undoubtedly, knowledge of his misconduct would have enabled Snoddy's counsel effectively to cross-examine and impeach him. Whether this newly obtained evidence would have been helpful to the defense is not, however, the standard by which we decide to grant a new trial. The question, as the Second Circuit noted, is whether the evidence "would probably produce a different verdict in the event of re-trial." *United States v. Kahn,* 472 F.2d 272, 287 (2d Cir.1973). We do not think it would.

The key portions of Paige's testimony regarding negotiations with the defendants and their willingness to purchase marihuana were corroborated by Agents Cazenevette, Gorman, and Ruggiero. At a new trial either of them could testify again to these events, whether or not Paige testifies and whether or not his credibility is undermined. One or another of these agents attended all of the meetings between Paige

---

**1.** Judge Veronica D. Wicker, who presided at trial, recused herself following the engagement of her son to the prosecuting attorney. Judge Robert F. Collins heard defendants' Motion for a New Trial.

and the defendants and their testimony regarding the relevant events in this case is consistent with that of David Paige. Thus, consideration of the perjured testimony given by Agent Paige does not raise a reasonable doubt about the guilt of the defendants such as to justify a new trial or indicate a likelihood that a new trial would result in a different verdict.

■ Snoddy and Gilbreth also rely upon statements made by confidential informant James Marshall who testified at the hearing on defendants' Motion for a New Trial. Defendants contend that Marshall's testimony demonstrates that they did not possess the requisite disposition to purchase drugs. Marshall now claims that drugs were not discussed during the initial meetings between the defendants and the confidential informants. Rather, he claims that the defendants were interested only in selling a number of condominiums owned by them and located in Destin, Florida.

The district court judge did not find Marshall's testimony at the hearing credible. Marshall participated in only a few of the initial meetings between the informants and the defendants and he was present at none of the subsequent meetings with the DEA agents. In addition, Marshall's new testimony completely contradicts the statements he originally made before the trial in this case began and it is at variance with the testimony of Agents Cazenevette, Gorman, and Ruggiero, whose probity has not been called into question. Judge Collins presided at the hearing. He observed the demeanor of the witnesses and made judgments as to their credibility. We are now asked to find those judgments clearly erroneous and an abuse of discretion. We decline to do so.

Defendants have had their case heard by a jury, by two different United States District Court judges and by two separate panels of this court. Judge Collins observed in his Findings of Fact on defendants' Motion for a New Trial that at some point criminal convictions must become final. We agree.

The district court's denial of defendants' Motion for a New Trial is AFFIRMED.