**Lenell GETER, et al.,**
**Plaintiffs–Appellees,**

v.

**James FORTENBERRY,**
**Defendant–Appellant.**

No. 88–1226.

United States Court of Appeals,
Fifth Circuit.

Sept. 5, 1989.

Joseph E. Scuro, Jr., Nicholas & Barrera, Inc., Dallas, Tex., for defendant-appellant.

George E. Hairston, New York City, Donald W. Hill, Donald W. Hicks, Sr., Hill, Hicks & Collins, Dallas, Tex., for plaintiffs-appellees.

Before REAVLEY, POLITZ and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

We review here a second interlocutory appeal involving the case of Lenell Geter. He, together with his co-plaintiff, Anthony Williams,[1] seeks civil damages under 42

---

**1.** In addition to Geter and Williams, four other plaintiffs are parties to this action: Rodney McCullough, Richard McCants, George McCormick, and Amos Norman. These plaintiffs worked at E–Systems Engineering with Geter and Williams. Fortenberry included them in his investigation, allegedly because he was operating on the theory that it was a gang of black men working together at E–Systems who were committing robberies. At least one of the men, McCullough, was arrested. All contend in the complaint, as do Geter and Williams, that Fortenberry violated their due process and equal protection rights when he undertook his allegedly groundless and racially motivated investi-

gation, procured personal, private information, obtained their photographs, and used them in photo lineups.

The status of these plaintiffs in this appeal is not readily apparent. We read Fortenberry's motion for summary judgment, and the district court's partial denial and partial grant of that motion, to encompass the § 1983 claims of McCullough, McCants, McCormick, and Norman. Yet, before us we have briefs only from Geter and Williams as appellees. At oral argument, Fortenberry's counsel requested, without explanation or argument, that we consider the claims of the other four plaintiffs separately from those of Williams and Geter. However,

U.S.C. §§ 1981, 1983, 1985, and 1986. In the first appeal, we reviewed the district court's denial of summary judgment in favor of the two men who prosecuted Geter's case and a police officer involved in the investigation and arrest. *See Geter v. Fortenberry*, 849 F.2d 1550 (5th Cir.1988) (*"Geter I"*). The instant appeal was brought by James Fortenberry, another officer involved in the investigation and arrest of Geter. The district court dismissed the sections 1981, 1985, and 1986 claims but permitted the section 1983 action to go forward.[2]

Fortenberry challenges the sufficiency of the pleadings on the section 1983 claims, also charging that the district court erred in not awarding summary judgment on the grounds of "good faith" and "official immunity." Finding that no liability can be predicated upon a witness's testimony at trial, we conclude that it was error for the district court to deny partial summary judgment as to that element of the cause of action. However, as to the other claims, we agree with the district court that the pleadings and the record contain sufficient evidence to defeat Fortenberry's claims of immunity and hence, we affirm the denial of summary judgment as to those claims.

### I.

Because we recited the facts in some detail in our previous opinion, we refrain from doing so here. We reiterate, however, that our jurisdiction rests upon the Supreme Court's declaration in *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), that the district court's denial of an immunity defense is an appealable final order under 28 U.S.C. § 1291. *Mitchell* also dictates the standard of review to be applied to the district court's denial of summary judgment. *See* 472 U.S. at 528, 105 S.Ct. at 2816. Our review proceeds *de novo*, since, at this stage, we resolve only the following question of law: "Whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged action." *Id.* We examine the plaintiffs' factual allegations only to determine whether they would be sufficient, if proven, to make out a violation of clearly-established law.[3]

### II.

We dispense with Fortenberry's entreaties concerning "good faith" immunity for the same reason that we rejected similar claims by Officer Kuhn in our previous opinion—police officers who are the subject of a lawsuit for actions undertaken in their official capacity are entitled only to "qualified immunity."[4] This immunity acts as a shield against liability for officers whose actions were such that a reasonable officer could have believed them to be lawful. *See Anderson v. Creighton*, 483 U.S. 635, 640–41, 107 S.Ct. 3034, 3039–40, 97 L.Ed.2d 523 (1987). In determining whether an officer can avail himself of the qualified immunity defense, we look only to objective factors (what a "reasonable officer" would have done); hence, the officer's asserted "good faith" or lack of maliciousness is irrelevant. *Id.* at 641, 107 S.Ct. at 3039–40.[5]

---

Fortenberry's brief provides no reason for us to distinguish, or to examine more carefully, the § 1983 claims of these additional plaintiffs. If, *arguendo,* there were a reason to question specially the claims of these other plaintiffs, Fortenberry has not adequately briefed the matter, and we therefore consider it waived. *See HECI Exploration Co., Employees' Profit Sharing Plan v. Holloway (In re HECI Exploration Co.),* 862 F.2d 513, 525 (5th Cir.1988) (citing *United States v. Ballard,* 779 F.2d 287, 295 (5th Cir.), *cert. denied,* 475 U.S. 1109, 106 S.Ct. 1518, 89 L.Ed.2d 916 (1986)). Accordingly, our ruling applies to the claims of the other plaintiffs as well.

2. The district court also dismissed as a defendant Leon Powers, Chief of Police for the City of Greenville, Texas.

3. "An appellate court reviewing the denial of the defendant's claim of immunity need not consider the correctness of the plaintiff's version of the facts, nor even determine whether the plaintiff's allegations actually state a claim." *Mitchell,* 472 U.S. at 528, 105 S.Ct. at 2816.

4. *See Geter I,* 849 F.2d at 1553 (citing *Malley v. Briggs,* 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)).

5. We note that here, Fortenberry is charged with intentional violations and that the Court in *Anderson* observed that "qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" 483

### III.

Fortenberry's principal challenge to the district court's ruling asserts a failure to plead a 42 U.S.C. § 1983 claim with sufficient specificity to overcome Fortenberry's asserted immunity defense. As we explained in *Geter I*, section 1983 plaintiffs "must demonstrate prior to discovery that their allegations are sufficiently fact-specific to remove the cloak of protection afforded by an immunity defense." 849 F.2d at 1553. However, when a plaintiff pleads facts that would overcome the defense, limited discovery may be undertaken by both parties, tailored to the issue of qualified immunity. *Id.* at 1554 (citing *Boulos v. Wilson*, 834 F.2d 504, 506–09 (5th Cir. 1987)).

The district court held that the following allegations were sufficient to overcome Fortenberry's qualified immunity defense:

(1) the alleged solicitation of false identifications of certain witnesses by unlawful means in connection with Plaintiff Geter's prosecution;

(2) the alleged deliberate concealment of exculpatory evidence with respect to Witnesses Scott and Nelson in connection with Plaintiff Geter's prosecution;

(3) the alleged giving of false information to prosecutors in connection with Plaintiff Geter's prosecution; and

(4) the alleged false testimony given in connection with Plaintiff Geter's prosecution.

Fortenberry maintains that the plaintiffs have not provided, and indeed cannot provide, sufficient factual support for these allegations. However, in *Geter I* we held that these same allegations were substantial enough to "remove the cloak of qualified immunity": "[A] police officer cannot avail himself of a qualified immunity defense if he procures false identification by unlawful means or deliberately conceals exculpatory evidence, for such activi-

ty violates clearly established constitutional principles." [6] Even so, we found the allegations too conclusory to support an affirmance: The plaintiffs did not inform the court, for example, whom Fortenberry had prodded into giving false identifications or what unlawful means were used in that prodding.

If the circumstances had been such that we were convinced that plaintiffs had presented their best case, we would have reversed the district court and dismissed his cause of action. *See Geter I, id.* at 1559 (citing *Elliott v. Perez*, 751 F.2d 1472, 1479 n. 20 (5th Cir.1985)). We noted, however, that before we take such a definitive step, fairness requires careful scrutiny of the pleadings—indeed, a search of the entire record—for specific factual allegations that would provide sufficient support for the claims. *Id.; see also Brown v. Texas A & M Univ.*, 804 F.2d 327, 334 (5th Cir.1986). Here, we need go no further than the response to Fortenberry's motion for summary judgment. Having heeded our previous warning concerning specificity in pleading section 1983 claims, the plaintiffs, in their response, set forth a wealth of specifics and confirming factual details.

First, with respect to the allegation that Fortenberry obtained false and fraudulent identifications, plaintiffs name Lou Ann Heard and Michael Brown as persons from whom such identifications were procured. They further charge that Fortenberry's "suggestive" methods of obtaining identifications from the witnesses were comprised of insisting that they pick an individual from photo lineups, prodding the witnesses to select another picture when they had chosen incorrectly, and becoming hostile (at least in Brown's presence) when a witness refused to cooperate. Second, in support of the allegation that Fortenberry concealed exculpatory evidence, plaintiffs present the affidavits of Curtis Scott and

---

U.S. at 638, 107 S.Ct. at 3038 (quoting *Malley*, 475 U.S. at 341, 106 S.Ct. at 1096).

**6.** 849 F.2d at 1559 (citing *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct.

1194, 10 L.Ed.2d 215 (1963)). Hence, we have little difficulty rejecting Fortenberry's assertion that the plaintiffs have failed to state a claim under § 1983.

Janice Nelson,[7] two witnesses of whom Fortenberry was aware and who he also knew would have exculpated Geter.

Finally, the charge that Fortenberry gave false information to Dallas County prosecutors also finds a factual foundation in the evidence that has been proffered. In post-trial testimony, prosecutor Randall Isenberg[8] stated that Fortenberry had told him there were thirty unsolved robberies in the South Carolina State College area (where Geter had grown up and gone to college with Williams) and that the word from the police departments with which Fortenberry had spoken was that Geter and [plaintiff] Williams could be "good for it." However, an affidavit from Sheriff Darnell of Geter's home county in South Carolina, with whom Fortenberry spoke about the unsolved robberies, belies Fortenberry's statement: Darnell categorically denies ever having said that Geter was a suspect in any of the cases.[9] Accordingly, we agree with the district court that these premises for the section 1983 claims have a factual basis[10] and that hence, the plaintiffs can overcome the asserted immunity defense.

## IV.

■ We cannot, however, affirm the denial of summary judgment with respect to the claim that Fortenberry violated equal protection and due process rights on the theory that Fortenberry lied on the witness stand. In *Geter I* we addressed the same issue with respect to the testimony of Officer Kuhn, reiterating the principle that wit-

nesses are cloaked with absolute immunity[11] and that the rule does not distinguish among functionaries: "This immunity does not disappear if the witness is a law enforcement official, even if that official's usual level of immunity is only qualified." 849 F.2d at 1558. Hence, we apply the same maxim in favor of Fortenberry: His statements on the witness stand cannot be used to support a separate theory of liability under section 1983.

## V.

Subject to the direction that Fortenberry enjoys absolute immunity against liability for his testimony, the judgment of the district court is AFFIRMED. This matter is REMANDED for further proceedings consistent herewith.

---

**7.** Scott was in the parking lot where Lou Ann Heard was robbed at gunpoint. Scott's affidavit states that he saw Heard's assailant clearly, that Fortenberry talked to Scott shortly thereafter, and that Geter was not Heard's assailant. Janice Nelson's affidavit is almost identical to Scott's.

**8.** Isenberg testified at a hearing convened after Geter's criminal trial to investigate defense allegations that Fortenberry had perjured himself on the witness stand.

**9.** In addition, Fortenberry claimed to have spoken with detective Harold Carter of the Orangeburg, South Carolina, police department. But Carter also denies having told Fortenberry that

Geter and Williams were suspects. He states in his affidavit that he told Fortenberry that he did not know either Geter or Williams and that he never told Fortenberry that the string of robberies stopped after Geter and Williams left the area.

**10.** We mean, of course, a "factual basis" only for purposes of defeating a motion for summary judgment. The ultimate truth will be determined at trial, and we intimate no view as to whose version of the facts eventually will prevail.

**11.** 849 F.2d at 1558 (citing *Briscoe v. LaHue,* 460 U.S. 325, 335, 103 S.Ct. 1108, 1115, 75 L.Ed.2d 96 (1983)).