**Donald M. JOHNSON,**
**Plaintiff–Appellee,**

**v.**

**Bob ODOM, et al.,**
**Defendants–Appellants.**

**No. 90–4007**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Sept. 7, 1990.

C. James Gelpi, New Orleans, La., for defendants-appellants.

Milton Dale Peacock, Monroe, La., for plaintiff-appellee.

Before GEE, SMITH and WIENER, Circuit Judges.

PER CURIAM:

Defendants appeal from the district court's denial of their motion for summary judgment seeking dismissal of their suit on the basis of immunity. Finding no reversible error, we affirm.

## I.

Plaintiff–Appellee, Donald M. Johnson ("Johnson") filed suit against Bob Odom, Commissioner of Agriculture, H.F. "Butch" Calhoun and John Impson,[1] several members of the Louisiana Advisory Commission on Pesticides,[2] and Dale Riniker, Sheriff of East Carroll Parish ("Defendants") pursu-

ant to 42 U.S.C. § 1983. Johnson alleged that the defendants violated his civil rights by interfering with his business activities and attempting unlawfully to gain evidence against him for use in adjudicatory hearings that resulted in revocation of Johnson's crop-duster's license.[3] The defendants filed a motion for summary judgment[4] which in pertinent part pleaded absolute or qualified immunity from prosecution. The district court denied the motion, stating that none of the defendants were entitled to absolute immunity and that genuine issues of material fact exist as to the defendants' claims for qualified immunity. On motion for reconsideration, the defendants proffered depositions to "clarify" the plaintiff's affidavits. The district court refused to consider the depositions, reasoning that to do so would require the court to weigh the evidence. The defendants appeal the denial of immunity. We affirm the district court's determinations that (1) the defendants are not entitled to absolute immunity status and (2) a material issue of fact exists as to the defendants' claims for qualified immunity making summary judgment improper.

## II.

### A.

### *Facts Alleged by Plaintiff*

Donald M. Johnson was a crop-duster in East Carroll parish when he was approached on various occasions in 1980 and 1982 to contribute money to the campaign of Bob Odom, Louisiana's Commissioner of Agriculture. When he refused, the members of the Pesticide Control Commission retaliated by charging him with various violations of Louisiana's Pesticide Law, La. Rev.Stat.Ann. §§ 3:1601 *et seq.* (repealed 1982), *amended by,* La.Rev.Stat.Ann. §§ 3:3201–3280 (West 1990). Officials in

---

**1.** Both Calhoun and Impson are employees of the Louisiana Department of Agriculture.

**2.** Jeff Calloway, Douglas Duty, Grady Coburn, Norvin Fagan, Robert Ewing, Jack Martin, John C. Moser, Lucas Terracina, and Thomas Cascio.

**3.** Johnson's claim is brought under the substantive and procedural due process provisions of

the Fourteenth Amendment and under the First, Fourth and Fifth Amendments.

**4.** The defendants initially brought Fed.R.Civ.P. 12(b) motion for dismissal. Because the motion presented matters outside the pleadings, the court treated it as a motion for summary judgment.

the Department of Agriculture ("DOA") encouraged perjured testimony to assist Odom in adjudicating Johnson guilty and "made an example of him" by singling him out for prosecution and revocation of his license. Johnson submitted several affidavits to this effect.

### B.

### *Facts Alleged by Defendants*

The DOA received a complaint from a farmer, Kenneth Frith, in June 1980, that his crop was damaged by aerial application in nearby fields of Phenoxy–2,4,5,–T. Tommy Shields, then a new investigator for the DOA, determined that the damage was done by Johnson and another applicator. Shields' conclusions were rejected by a more experienced investigator who determined that Johnson alone was responsible. Another incident involving Johnson occurred in June, 1981, when the DOA determined that Johnson had again applied the regulated substance, Phenoxy–2,4,5–T, without authorization [Johnson claims oral authorization through Shields which Shields denies]. It was the second incident that triggered the adjudicatory hearings against Johnson. There were also complaints against Johnson for spraying chemicals on departmental inspectors and for striking an inspector when he attempted to serve a complaint on Johnson.

### III.

The defendants argue that in the proceedings against Johnson, Odom and the Commission members served in a judicial capacity and are therefore absolutely immune from prosecution. In the alternative, the defendants argue that they are at least entitled to qualified immunity because the actions taken against Johnson were not

unreasonable.[5] Johnson claims that the defendants are not entitled to immunity because their acts went beyond their mere decision-making role.

### IV.

The denial of summary judgment is not a final judgment and is ordinarily not appealable. *Feagley v. Waddill,* 868 F.2d 1437, 1439 (5th Cir.1989). However, "appeals from the denial of qualified or absolute immunity are a well recognized exception to th[is] general rule." *Loya v. Texas Dept. of Corrections,* 878 F.2d 860, 861 (5th Cir.1989) (citing *Mitchell v. Forsyth,* 472 U.S. 511, 525–28, 105 S.Ct. 2806, 2814–17, 86 L.Ed.2d 411 (1985)). An appeal may be taken from a finding against qualified immunity

> where the issue involved is the purely legal one of "whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions or, in cases where the district court has denied summary judgment for the defendant on the ground that even under the defendant's version of the facts the defendant's conduct violated clearly established law, whether the law clearly proscribed the actions the defendant claims he took."

*Thompson v. City of Starkville,* 901 F.2d 456, 459 (5th Cir.1990) (quoting *Mitchell,* 472 U.S. at 528 & n. 9, 105 S.Ct. at 2816 & n. 9). The plaintiff must show that, at the time of the alleged violation, the defendants actions were such that a reasonable officer would know they were unlawful. *Cf. Connelly v. Comptroller of the Currency,* 876 F.2d 1209, 1212 (5th Cir.1989). This review is de novo because the court resolves only a question of law. *Id.; Geter*

---

5. This appeal illustrates a recurring problem faced by courts when called upon to determine a defendant's immunity in the context of a summary judgment. The court must make its decision on allegations and supporting affidavits without the benefit of fact-finding. The court must determine whether or not the plaintiff's allegations state a claim, without considering the correctness of the plaintiff's version of facts. Doing so has produced a hodgepodge of cases, each seeming to have little relationship to the others and producing no "clear bright line" for determining when immunity will or will not be granted. But this case and its predecessors also illustrate that it would be folly for this court to attempt to create such a bright line because of the limited scope of this kind of appeal and the limited facts upon which we must base our decisions.

*v. Fortenberry,* 882 F.2d 167, 169 (5th Cir. 1989) (*Geter II*).

■ Factual allegations are examined "only to determine whether they would be sufficient, if proven, to make out a violation of clearly established law." *Geter II,* 882 F.2d at 169 (footnote omitted). Where "disputed factual issues material to immunity are present, the district court's denial of summary judgment sought on the basis of immunity is not appealable." *Feagley,* 868 F.2d at 1439. Therefore, this court need not reach a legal conclusion as to the defendants' qualified immunity if we find that the district court was correct in finding material facts in dispute. That in turn, depends on an initial finding that Johnson's factual allegations, if proven, make out a violation of "clearly established law." We address the second issue first.

■ Johnson's claim for relief rests on the allegations that the Department of Agriculture, through the named defendants, (1) encouraged perjured testimony to facilitate adjudicating him guilty of violating Louisiana's Pesticide Control laws and (2) singled him out for prosecution and revocation of his license using illegally obtained evidence.[6] Such actions, if true, would violate Johnson's due process rights. *See generally United States v. Snoddy,* 862 F.2d 1154, 1156 (5th Cir.1989). If those allegations prove to be true, then the defendants' behavior "is not of a nature that any reasonable official could possibly have thought legitimate." *Thompson,* 901 F.2d at 470. Therefore, the allegations were sufficiently specific to demonstrate that the defendants were not entitled to qualified immunity. *Cf. Id.* at 469 & n. 13. Having determined that Johnson pleaded facts sufficient to overcome the presumption of immunity, we next must determine whether the district court's denial of summary judgment on the question of the defendants' absolute and qualified immunities was proper.

■ This court reviews the grant of summary judgment motion de novo, using the same criteria used by the district court

in the first instance. *Walker v. Sears, Roebuck & Co.,* 853 F.2d 355, 358 (5th Cir.1988). We "review the evidence and inferences to be drawn therefrom in the light most favorable to the non-moving party." *Baton Rouge Bldg. & Constr. Trades Council v. Jacobs Constructors, Inc.,* 804 F.2d 879, 881 (5th Cir.1986) (per curiam) (citing *Southmark Properties v. Charles House Corp.,* 742 F.2d 862, 873 (5th Dir. 1984)). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R. Civ.P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) "Material facts" are "facts that might affect the outcome of the suit under the governing law." *Id.*

■ The district court denied defendants' motion for summary judgment because Johnson's allegations create a factual dispute as to the propriety of the actions taken against him by all of the defendants involved. The affidavits submitted by Johnson support his allegations that the defendants encouraged others to commit perjury against Johnson and sought to harm his business by singling him out for prosecution and for revocation of his cropduster's license. Inferences drawn from underlying facts "must be viewed in a light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

In this case the allegations that the defendants encouraged perjury and deliberately sought to harm Johnson by singling him out for prosecution are material to the question of whether the parties claiming immunity knew their actions were such that a reasonable officer would know he was violating a clearly established law.

---

6. Johnson submitted ten supporting affidavits.

*See Thompson,* 901 F.2d at 469; *Geter II,* 882 F.2d at 169. Therefore, if those alleged facts are in dispute, denial of summary judgment is appropriate.

After the district court denied the defendants' motion for summary judgment, they proffered depositions in an effort to "clarify" the affidavits and resolve factual discrepancies, hoping to eliminate any factual dispute and gain summary judgment. The district court refused to consider those depositions, reasoning that were it to conclude that such clarification overcomes the affidavits would call for the court to weigh the evidence, a clearly inappropriate action by a court deciding a motion for summary judgment.

But this court need not reach the issue of whether the district court erred in refusing to consider the depositions because, rather than clarifying the facts contained in the affidavits, the depositions obscure the "facts" and support Johnson's argument that the dispute about the facts affecting immunity is genuine. Therefore, the district court was correct in denying defendants' motion summary judgment on the issue of qualified immunity.

 The district court also held on summary judgment that none of the defendants [7] were entitled to absolute immunity. It reasoned correctly that for an official to demand such protection, he must show (1) that the responsibility of his office embraces a function so sensitive as to require a total shield from liability; and (2) that he was discharging the protected function when he performed the act for which liability is asserted. *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396

(1982). Under the holding in *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) administrative officials may be afforded absolute immunity if (1) those administrators serve a judicial function; (2) the officials' actions subject them to retaliatory suits; and (3) the process of agency adjudication is so structured that sufficient safeguards exist in the regulatory framework to inhibit unconstitutional conduct. *See also Horwitz v. Board of Medical Examiners,* 822 F.2d 1508 (10th Cir.1987).

 The district court determined that the duties of the defendants were not so sensitive as to require a total shield from liability and that, under the facts asserted by the defendants, they failed to show that the *Butz* safeguards were present. In addition, Johnson's pleadings and affidavits contained allegations that Odom and the Commission members went beyond the scope of their decision-making authority when they committed the alleged wrongs.

 We agree that on the basis of the limited evidence available for consideration, the defendants were not entitled to absolute judicial immunity. This also holds true for the absolute prosecutorial immunity asserted by Impson and Calhoun.

For the foregoing reasons, the district court's denial of summary judgment is AFFIRMED.[8]

---

**7.** The defendants argue on appeal that the district court erred by failing to consider each defendant separately. Because this appeal is limited to the issue of immunity the question of individual consideration will be discussed only as it pertains to the immunity issue.

In the instant case the actions of the members of the commission, Odom, and the Department of Agriculture employees are so intertwined that separation without extensive finding of fact as to the individual actions of each is impracticable. Because each of the defendants, as a practical matter, stand in the same position as to immunity, it was proper for all of them to be

considered together on this issue. Although the jury may later decide that one or more of the defendants did not act as alleged, that is not a proper consideration at the summary judgment stage of the proceedings.

**8.** We do not imply that the defendants may not prevail at trial, either on the merits or on qualified immunity. In the context of a summary judgment at this stage of the proceedings however, there is insufficient evidence to find for the defendants because it appears that material factual issues are in dispute. We recognize that

these issues should be resolved by a fact-finder on the merits and not on summary judgment.