James A. **DUTY**; Opal Duty, Appellees,

v.

**CITY OF SPRINGDALE, ARKANSAS; Stanley Ludwig, Individually and In His Capacity as Municipal Judge of Springdale, Arkansas, Appellants.**

No. 94–1611.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 5, 1994.

Decided Dec. 14, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied Jan. 25, 1995.

Matthew Keith Wren, Little Rock, AR, argued, Mark R. Hayes, North Little Rock, AR, for appellants.

Erin Lanway, Grove, OK, argued, for appellees.

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

PER CURIAM.

In this action commenced under 42 U.S.C. §§ 1983 and 1988 (1988 & Supp. III 1991), the City of Springdale and Springdale Municipal Judge Stanley Ludwig appeal the District Court's order denying their motion for summary judgment. Because we conclude that the District Court erred in denying Ludwig absolute immunity, we reverse the denial of summary judgment as to him. We dismiss the City's appeal for lack of jurisdiction.

I.

The material facts are undisputed. Following a bench trial before Ludwig in April 1991, James A. Duty was convicted of speeding and driving with a suspended driver's license. Duty timely appealed and, under Arkansas law, was entitled to a trial de novo in the circuit court. After he was again convicted and sentenced to pay fines and court costs, he timely appealed. While the appeal was pending in the Arkansas Court of Appeals, Ludwig issued a warrant for Duty's arrest for failing to pay the fines and court costs imposed by the circuit court. Thereafter, Duty was arrested and held in custody for several hours before posting bond.

## II.

Relevant to this appeal, the complaint alleged that Ludwig was without jurisdiction to issue the arrest warrant during the pendency of Duty's appeal. It also alleged that the City, "as the employer of the Municipal Judge, ... has failed to properly maintain a constitutionally proper Court by improperly training and supervising its Court." For summary judgment, defendants contended, inter alia, that Ludwig was absolutely immune from suit and that the City could not be liable for Ludwig's actions. In rejecting Ludwig's absolute-immunity argument, the District Court determined that Ludwig acted in the clear absence of jurisdiction because, when he issued the arrest warrant, "there was no case or judgment before the Municipal Court." As to the City, the Court concluded, inter alia, that issues of fact remained as to whether the City had a custom or policy "regarding the collection of court costs after a case has been appealed to Circuit Court."

## A.

◼ We have jurisdiction over Ludwig's appeal because "the denial of a substantial claim of absolute immunity is an order appealable before final judgment." *Mitchell v. Forsyth,* 472 U.S. 511, 525, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). Unlike Ludwig, however, the City asserted no immunity defense. Because the District Court's order denying summary judgment to the City is not final, we have no jurisdiction to consider the City's interlocutory appeal.[1] *See Mahers v. Harper,* 12 F.3d 783, 785 (8th Cir.1993) ("denial of a motion for summary judgment is not a final judgment, and therefore it ordinarily is not appealable").

## B.

◼ Turning to Ludwig's appeal, we review de novo an order denying absolute immunity. *See Brown v. Griesenauer,* 970 F.2d 431, 434 (8th Cir.1992). Although judges are generally immune from suit for money damages, they can be sued in two circumstances.

First, a judge may be subject to suit for nonjudicial acts. *See Lopez v. Vanderwater,* 620 F.2d 1229, 1235 (7th Cir.) (judge not absolutely immune for certain "prosecutorial acts" such as deciding to prosecute and determining offense to be charged), *cert. dismissed,* 449 U.S. 1028, 101 S.Ct. 601, 66 L.Ed.2d 491 (1980). Although Duty argues otherwise, the undisputed facts show Ludwig was acting in his judicial capacity when he issued the arrest warrant, because Arkansas law vests municipal judges with the power to issue arrest warrants. Ark.Code Ann. § 16–81–104(a)(1) (Michie 1987) (vesting judges of police courts with power to issue warrants of arrest); *id.* § 16–17–205 (Michie 1994) (vesting municipal courts with all jurisdiction exercised by police courts).

◼ Second, judges are not immune from lawsuits based on actions taken in the complete absence of all jurisdiction. *See Mireles v. Waco,* 502 U.S. 9, 11, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991) (per curiam). But "[b]ecause some of the most difficult and embarrassing questions which a judicial officer is called upon to consider and determine relate to his jurisdiction, the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978) (internal quotation and citation omitted). An act in excess of jurisdiction will not deprive a judge of immunity. *Id.*

◼ A distinction thus exists between acts performed in excess of jurisdiction and those done in the absence of jurisdiction. As to the former, a "judge acts in excess of jurisdiction if the act complained of is within his general power of jurisdiction but is not authorized because of certain circumstances." *Billingsley v. Kyser,* 691 F.2d 388, 389 (8th Cir.1982) (per curiam). As to the latter, "[t]here is a clear absence of jurisdiction when a court of limited jurisdiction attempts to adjudicate a case outside of its jurisdiction, such as when a probate court conducts a criminal trial." *Mann v. Conlin,* 22 F.3d

---

1. We express no view as to the merits of the City's arguments on appeal.

100, 104 (6th Cir.) (internal quotation omitted), *cert. denied,* —— U.S. ——, 115 S.Ct. 193, 130 L.Ed.2d 126 (1994).

■ Even accepting as true Duty's contention that an Arkansas municipal judge lacks authority to enforce the circuit court's judgment, we hold that Ludwig is entitled to absolute immunity. Because Arkansas law authorizes municipal judges to issue arrest warrants, it is clear that in these circumstances Ludwig acted, at most, in excess of jurisdiction and not in the clear absence of jurisdiction. *See Billingsley,* 691 F.2d at 389–90 (Missouri circuit court judge, who erroneously amended inmate's sentence during pendency of appeal, acted only in excess of jurisdiction because he was empowered to rule on criminal matters, including amendment of sentences); *see also King v. Myers,* 973 F.2d 354, 357–59 (4th Cir.1992) (Virginia magistrate, who under state law had authority to arrange for arrest of an individual, accorded absolute immunity even though "authority to issue process of arrest may well have been overstepped, perhaps even widely").

### III.

For the reasons stated, we reverse the order of the District Court and remand the case with directions that Ludwig's motion for summary judgment on the ground of absolute immunity be granted and that final judgment in his favor be entered. We dismiss the City's appeal and remand for further proceedings consistent with this opinion.