57 F.3d 1074
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Archie TERRELL, Appellant,
v.
James RAINBOLT, Individually and in his official capacity as
Criminal Investigator, Arkansas State Police; John W.
Martin, Individually and in his official capacity as
Chancellor on Exchange, Appellee.
 No. 94-2895
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 30, 1995
Filed: June 9, 1995
 
 Before LOKEN, HANSEN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Archie Terrell appeals from the district court's[1] grant of summary judgment in favor of James Rainbolt and John Martin in this civil rights suit. We affirm.
 
 
 2
 Terrell alleged he was wrongfully arrested and prosecuted for arson in violation of 42 U.S.C. Sec. 1983. The arson charge against him was dismissed. Specifically, he alleged that Arkansas State Police Criminal Investigator Rainbolt relied on information he knew or should have known was false in support of his probable cause affidavit; and Chancellor on Exchange Martin issued the finding of probable cause to arrest Terrell based on Rainbolt's affidavit which Martin knew or should have known contained false information.
 
 
 3
 We reject appellees' argument that Terrell has not perfected his appeal from the summary judgment order. See Flieger v. Delo, 16 F.3d 878, 882 (8th Cir.), cert. denied, 115 S. Ct. 355 (1994). We review de novo a grant of summary judgment, applying the same standards as the district court. Dillaha v. Yamaha Motor Corp., 23 F.3d 1376, 1377 (8th Cir. 1994). Summary judgment is appropriate if the record shows there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 4
 We conclude the district court properly granted summary judgment to Rainbolt. Terrell offered no support for his claim that Rainbolt knew or should have known false information was contained in his affidavit, and stated in his deposition he did not know what evidence he had in support of this claim. Therefore, Terrell did not meet his burden of establishing a genuine issue of material fact with regard to his claim against Rainbolt. See Taylor v. Bowers, 966 F.2d 417, 420 (8th Cir.) (government officials pleading qualified immunity entitled to summary judgment if plaintiff does not create genuine issue of material fact), cert. denied, 113 S. Ct. 394 (1992); cf. Geter v. Fortenberry, 882 F.2d 167, 170-71 (5th Cir. 1989) (where plaintiff alleged police officer solicited false information from witnesses in connection with one plaintiff's prosecution, police officer not entitled to summary judgment because plaintiff provided "a wealth of specifics and confirming factual detail").
 
 
 5
 We also agree with the district court that Martin was absolutely immune from suit. See Duty v. City of Springdale, 42 F.3d 460, 462 (8th Cir. 1994) (per curiam) (judges generally immune from suit). Terrell did not rebut Martin's evidence that, at the time Martin signed the probable cause determination, he was a duly elected special chancery judge serving "on exchange" to the First Judicial Circuit of Arkansas, pursuant to Arkansas law. See Administrative Order No. 1, Ark. R. Civ. P. app. (providing for the election of special judges); Ark. Code Ann. Sec. 16-13-403 (Michie 1994) (circuit judges and chancellors may by agreement temporarily exchange districts or circuits). He was, therefore, authorized by Arkansas law to make probable cause determinations. See Ark. R. Crim. P. 7.1 (judicial officer may issue arrest warrant if, from affidavit or other information, it appears reasonable cause exists to believe offense has been committed and the person committed it). Even if, as Terrell claims, Martin was not properly elected or serving in exchange, Terrell did not dispute that Martin was a municipal judge. As municipal judges are also authorized to issue arrest warrants, Martin acted, at most, in excess of his jurisdiction, and is still entitled to absolute judicial immunity. See Duty, 42 F.3d at 462-63.
 
 
 6
 Accordingly, we affirm the judgment of the district court. Terrell's motion to remand is denied.
 
 
 
 [1]
 The Honorable Henry Woods, Senior United States District Judge for the Eastern District of Arkansas