**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 17 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ROBERT NEWTON,

        Plaintiff-Appellant,

v.

GAYLON BUCKLEY, Judge;
DARLA SERASSIO, Riverton Justice
Court Clerk,

        Defendants-Appellees.

No.  96-4202
(D.C. No. 95-CV-406-B)
(D. Utah)

ORDER AND JUDGMENT[*]

Before BRORBY, LOGAN, and HENRY, Circuit Judges.

        After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

[*]        This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Robert Newton appeals the district court's entry of summary judgment in favor of defendants Gaylon Buckley, a municipal court judge, and Darla Serassio, his clerk, in this 42 U.S.C. § 1983 suit alleging defendants violated his constitutional rights. We affirm based on the district court's finding that both defendants are absolutely immune from damages for the acts at issue here.[1]

I

Plaintiff's claims arise out of his February 1990 arrest in Riverton City, Utah, for several traffic violations. The arresting officer issued plaintiff a citation directing him to appear in Riverton City Justice Court on February 22, 1990. Plaintiff refused to sign the citation and did not appear in court. On April 25, 1990, defendant Serassio, in her capacity as Clerk of the Riverton City Justice Court, prepared an information charging that plaintiff had "committed the offense of willfully failing to appear, a Class B misdemeanor in Riverton City." I R., Doc. 23, Ex. B, Ex. 1. Serassio stamped Judge Buckley's signature on the information. On August 7, 1990, Serassio prepared a bench warrant for plaintiff's arrest and stamped the document with Judge Buckley's signature.

---

[1] Because we dispose of this case on absolute immunity grounds, we need not consider whether summary judgment would also have been proper based on plaintiff's alleged failure to comply with Local Rule of Practice 202.

In May 1993, when a deputy sheriff attempted to serve the information and bench warrant on plaintiff, an altercation ensued and service was not completed. As a result of the altercation, the county attorney filed additional charges against plaintiff and the Third Circuit Court issued a warrant for his arrest. Plaintiff was arrested on May 24 on all charges and was held in the county jail. While in jail, plaintiff filed a motion challenging the Riverton City Justice Court's jurisdiction over him.

On May 27, 1993, plaintiff was arraigned on the original traffic charges and on the charge of failure to appear ("FTA"). Judge Buckley overruled plaintiff's challenge to his jurisdiction and instructed plaintiff to enter a plea. When plaintiff continued to argue about jurisdiction and refused to enter a plea, Judge Buckley found plaintiff in contempt, fined him $500 and sentenced him to thirty days in jail. The next day, plaintiff's neighbor and his newly retained attorney both contacted Judge Buckley and asked that plaintiff be released on the contempt order because of his poor health and family responsibilities. Judge Buckley agreed and instructed Serassio to issue an order of recall, which she did on June 2, 1993. On June 28, 1993, Judge Buckley dismissed the original traffic charges against plaintiff, as well as the FTA and contempt charges.

Plaintiff then brought this action seeking damages against defendants for violating his civil rights. Plaintiff alleged that Judge Buckley acted without

jurisdiction in bringing plaintiff before him to answer charges in 1993 because the statute of limitations on the underlying traffic offenses had run, and the information and bench warrant on the FTA charge were improperly issued. Plaintiff also challenged Judge Buckley's imposition of a fine and thirty-day jail sentence for contempt, because plaintiff was improperly before the court in the first instance and because a justice court does not have authority to impose a sentence for contempt of thirty days' duration. Plaintiff also alleged that Serassio acted without jurisdiction in preparing and issuing the information and bench warrant for FTA and that she stamped the judge's signature on these documents without authority.

II

In Utah, justice courts, which are not courts of record, see Utah Code Ann. § 78-5-101, "have jurisdiction over class B and C misdemeanors, violations of ordinances, and infractions committed within their territorial jurisdiction, except those offenses over which the juvenile court has exclusive jurisdiction," id. § 78-5-104. Justice court judges, in turn, "have the same authority regarding matters within their jurisdiction as judges of courts of record." Id. § 78-5-106(1).

Under Utah law, when a police officer arrests someone on a misdemeanor or infraction charge, the officer can issue the arrestee a citation, directing him to appear in court at a particular time and location, rather than take the arrestee into

custody. See id. §§ 77-7-18, 77-7-20. The officer must then file a copy of the citation with the court identified in the citation, see id. § 77-7-20(1); the citation may be used, instead of an information, to which the arrestee may plead guilty or no contest. See id. § 77-7-21(1). If, however, the arrestee fails to appear, pleads not guilty, or fails to deposit bail on or before the appearance date, then an information will be filed on the charge(s) listed in the citation. See id. § 77-7-21(2). An arrestee who fails to appear on a citation is subject to arrest, unless he has previously posted bail and has voluntarily agreed to forfeit the bail without appearance. See id. §§ 77-7-19(3), 77-7-21(1)(c). Here, although plaintiff failed to appear before the justice court as required by the citation, no information was ever filed on the original traffic charges.

Utah law further provides that "[a]ny person who willfully fails to appear before a court pursuant to a citation issued under the provisions of Section 77-7-18 is guilty of a class B misdemeanor, regardless of the disposition of the charge upon which he was originally cited." Id. § 77-7-22. For justice court cases like plaintiff's, Utah Code Jud. Admin. Rule 4-701(2) provides:

> If the defendant fails to appear or pay the bail amount within forty days of the date the citation was issued:
> (A) On an infraction or misdemeanor charge, the clerk may prepare an information or refer the case to the prosecutor's office, which may elect to prepare and file an information for Failure to Appear, a Class B misdemeanor. The court may then issue a warrant on the Failure to Appear only, but not on the underlying offense[.]

In this instance, the clerk, defendant Serassio, prepared the information herself. She later prepared the bench warrant, which erroneously listed the traffic offenses, as well as the FTA offense. Serassio stamped Judge Buckley's signature on both the FTA information and the bench warrant.

Pursuant to Utah Code Jud. Admin. Rule 4-403(1)(B), "[a] clerk may, with the prior approval of the judge or commissioner, use a 'signature stamp' in lieu of obtaining the judge's or commissioner's signature on . . .bench warrants[.]" If the clerk uses a signature stamp on a bench warrant, the clerk should sign her name on the document directly beneath the judge's stamped signature. See Rule 4-403(2). Serassio's signature does not appear on the copy of the bench warrant in the record on appeal. See I R., Doc. 23, Ex. B, Ex. 2. Rule 4-403 further provides:

> (3) All other documents requiring the judge's or commissioner's signature shall be personally signed by the judge or commissioner, unless the judge or commissioner, on a document by document basis, authorizes the clerk to use the judge's or commissioner's signature stamp in lieu of the judge's or commissioner's signature. On such documents, the clerk shall indicate in writing that the stamp was used at the direction of the judge or commissioner and shall sign his or her name directly beneath the stamped imprint of the judge's or commissioner's signature.

The copy of the FTA information in the record on appeal does not contain any notation by Serassio that she used the judge's signature stamp at his direction, nor does it contain her signature beneath the judge's stamped signature.

## III

We first turn to plaintiff's claims against Judge Buckley. "[G]enerally, a judge is immune from a suit for money damages." Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam). The Supreme Court has recognized two exceptions to this immunity from suit: (1) "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity"; and (2) "a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction." Id. at 11-12. Plaintiff does not dispute that the challenged actions of Judge Buckley were all judicial in nature. Therefore, we are concerned solely with whether Judge Buckley acted in the complete absence of all jurisdiction.

"[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." Stump v. Sparkman, 435 U.S. 349, 356 (1978). Neither a judge's "commission of grave procedural errors," id. at 359, nor his action "in excess of his authority," id. at 356, will deprive the judge of immunity. A judge acts in the clear absence of all jurisdiction when he "acts clearly without any colorable claim of jurisdiction." Snell v. Tunnell, 920 F.2d 673, 686 (10th Cir. 1990); see also Lerwill v. Joslin, 712 F.2d 435, 438 (10th Cir. 1983) ("A judge is absolutely immune from a section 1983 suit for damages only

for (a) judicial acts (b) for which the judge has at least a semblance of subject matter jurisdiction.").

"[A] judge acts in excess of jurisdiction if the act complained of is within his general power of jurisdiction but is not authorized because of certain circumstances," whereas there "is a clear absence of jurisdiction when a court of limited jurisdiction attempts to adjudicate a case outside of its jurisdiction, such as when a probate court conducts a criminal trial." Duty v. City of Springdale, 42 F.3d 460, 462 (8th Cir. 1994) (quotations omitted); see also Stump, 435 U.S. at 357 n.7.

Plaintiff does not dispute that the underlying misdemeanor traffic charges are of the type that are within the subject matter jurisdiction of the Riverton City Justice Court. Nor does plaintiff contend that Judge Buckley has no subject matter jurisdiction over a class B misdemeanor arising from an arrestee's failure to appear on a traffic citation. Even accepting as true plaintiff's contentions that (1) Judge Buckley no longer had jurisdiction over the underlying traffic offense when plaintiff was arrested and arraigned in 1993, because the statute of limitations had passed, (2) Judge Buckley and/or his clerk did not follow the correct procedures in issuing the information and bench warrant for failure to appear, and (3) Judge Buckley gave plaintiff a longer sentence on the contempt charge than justice court judges have authority to impose, the most these contentions show is

that Judge Buckley exceeded his jurisdiction. Plaintiff has not established that Judge Buckley acted in the absence of all jurisdiction in performing any of the challenged acts.[2] Therefore, the district court correctly entered summary judgment in favor of Judge Buckley on the basis of absolute immunity.

IV

We turn, then, to plaintiff's claims against Judge Buckley's clerk, Ms. Serassio. Plaintiff contends that Serassio had no authority to issue either the information or the bench warrant on the FTA charge and that she did not follow proper procedure in preparing and issuing these documents.

In addition to judges, "others performing judicial or 'quasi-judicial' functions enjoy absolute immunity from monetary damages for a limited scope of actions." Russ v. Uppah, 972 F.2d 300, 303 (10th Cir. 1992); see also Henriksen v. Bentley, 644 F.2d 852, 855 (10th Cir. 1981) ("Immunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aide of the judge is involved."). The circuits are in general agreement that a clerk's issuance of a warrant involves a quasi-judicial act and, therefore, carries with it the protections of absolute immunity.

---

[2] Plaintiff concedes in his reply brief that Judge Buckley is immune from damages for his actions with regard to the contempt charge, since the 30-day sentence was merely in excess of the court's jurisdiction. See Reply Br. of Appellant at 8.

See, e.g., <u>Kincaid v. Vail</u>, 969 F.2d 594, 601 (7th Cir. 1992); <u>Foster v. Walsh</u>, 864 F.2d 416, 417-18 (6th Cir. 1988); <u>Scott v. Dixon</u>, 720 F.2d 1542, 1546 (11th Cir. 1983).

Unless she acted in the absence of all jurisdiction, Serassio is immune from damage liability for issuing the bench warrant. <u>See</u> <u>Williams v. Wood</u>, 612 F.2d 982, 985 (5th Cir. 1980) ("No immunity extends to clerks of court acting outside the scope of their jurisdiction, as is true for judges."). Serassio is authorized by state law to issue a bench warrant when a defendant fails to appear on a misdemeanor citation. <u>See</u> Utah Code Jud. Admin. Rule 4-701(2)(A). Therefore, she is immune from damages even if she did not follow proper procedures concerning the contents of the bench warrant and the use of the judge's signature stamp.

Serassio also is entitled to immunity for her actions in filing the FTA information. Initiating a prosecution is "intimately associated with the judicial phase of the criminal process," and, therefore, is a "function[] to which the reasons for absolute immunity apply with full force." <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430 (1976). Utah law specifically authorizes a justice court clerk, rather than a prosecutor, to file an FTA information, and thus institute judicial proceedings against an arrestee who fails to appear on a misdemeanor citation. <u>See</u> Utah Code Jud. Admin. Rule 4-701(2)(A). Therefore, even though Serassio

may not have followed the proper procedures in stamping the information with the judge's signature, she is immune from damages liability for her actions.

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge