**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 29, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

—————

No. 02-11189
Summary Calendar

—————

DAVID WAYNE MCCALL,

Plaintiff-Appellant,

versus

SCOTT PETERS, Detective, Coppell
Police Department; RANDALL JOHNSON,
Detective, Irving Police Department;
MICHAEL KIERE, Sergeant, Irving
Police Department; MICHAEL D. SCOTT,
Sergeant, Coppell Police Department;
ROY OSBORN, Chief, Coppell Police
Department; CITY OF COPPELL, TEXAS;
CITY OF IRVING, TEXAS; ROBERT FRANCIS,
District Judge; BILL WIRSKYE,
Assistant District Attorney; ANDY
SHEPPARD, Texas Department of Public
Safety,

Defendants-Appellees.

—————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CV-2247

—————

Before GARWOOD, DEMOSS and CLEMENT, Circuit Judges.

PER CURIAM:*

—————

*Pursuan t to 5TH CIR. R.47.5 the Court has determined that this
opinion should not be published and is not precedent except under

David Wayne McCall, Texas prisoner # 876980, appeals the district court's summary judgment dismissal of defendants Randall Johnson and the City of Irving in his 42 U.S.C. § 1983 complaint. He also challenges evidentiary rulings made by the district court. The claims against Johnson and the City of Irving were dismissed in a final judgment pursuant to FED. R. CIV. P. 54(b).

We review *de novo* the district court's summary judgment dismissal, based on a finding of qualified immunity, of McCall's claims of false arrest and false imprisonment against Johnson. *See Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003). Even when viewed in the light most favorable to McCall, the relevant competent summary judgment evidence supports the district court's conclusion that Johnson had probable cause to seek an arrest warrant for McCall. Because a reasonably competent law enforcement officer with Johnson's knowledge of the facts of this case could have found probable cause to seek the arrest warrant, Johnson is entitled to qualified immunity for having done so. *See Hart v. O'Brien*, 127 F.3d 424, 444 (5th Cir. 1997); *United States v. Levine*, 80 F.3d 129, 132 (5th Cir. 1996).

McCall also challenges the district court's summary judgment dismissal of his conspiracy claim against Johnson. McCall makes a bald assertion that he stated a valid conspiracy claim against Johnson. McCall's assertion is based on his contention that there

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

was no probable cause for Johnson to seek an arrest warrant or to arrest him. McCall has failed to support his bald assertion with any coherent legal or factual argument, and we will not construct any arguments or theories for him. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

McCall's only argument with regard to the district court's summary judgment dismissal of his claim that the City of Irving failed to properly hire, train, and supervise its officers is that his illegal arrest coupled with a 1996 search of his truck show that the City of Irving has a custom of making illegal searches and arrests. To the extent that McCall's claim here is that the constitutionally deficient custom was one of making illegal searches and arrests, it is a new claim, and we will not consider it here. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). To the extent it is the same claim as that raised in the district court, it also fails. We have already concluded that the arrest here was legally supported by probable cause, and the evidence of the 1996 truck search was not contained in any of the competent summary judgment evidence presented to the district court relating to the summary judgment motion filed by Johnson and the City of Irving.

The district court did not abuse its discretion and was reasonable in granting a protective order from discovery in favor of Johnson and several other individual defendants who had asserted

3

the defense of qualified immunity. *See Moore v. Willis Indep. Sch. Dist.*, 223 F.3d 871, 876 (5th Cir. 2000); *Heitschmidt v. City of Houston*, 161 F.3d 834, 840 (5th Cir. 1998). With regard to McCall's argument that he is only a lay person and did not understand that the protective order did not encompass the City of Irving, we conclude that the order was clearly written and would not be confusing or misleading even to a person untrained in the law.

So far as relevant to this appeal, the district court did not abuse its discretion when it denied McCall leave to amend his complaint to add new parties and new claims. *See* FED. R. CIV. P. 15(a); *Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999); *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of America Co.*, 195 F.3d 765, 771 (5th Cir. 1999). McCall alleges that the magistrate judge was biased against him. His allegations, however, do not rise to a showing of disqualifying judicial bias. *See United States v. Devine*, 934 F.2d 1325, 1348 (5th Cir. 1991). McCall's assertion that the magistrate judge erred in considering Johnson's summary judgment affidavit while refusing to consider McCall's fails. Read in context, the magistrate judge's statement that it did not "rel[y] upon this evidence in reaching [its] conclusions" referred only to certain portions of McCall's evidence to which the defendants had objected and which were either irrelevant or not competent summary judgment

4

evidence.

AFFIRMED.