United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10550
Summary Calendar

_____

DAVID WAYNE MCCALL,

                                        Plaintiff-Appellant,

versus

SCOTT PETERS, Etc., ET AL.,

                                        Defendants,

SCOTT PETERS, Detective, Coppell Police Department;
MICHAEL D. SCOTT, Sergeant, Coppell Police Department;
CITY OF COPPELL,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CV-2247-D
--------------------

Before JOLLY, HIGGINBOTHAM, and PICKERING, Circuit Judges.

PER CURIAM:[*]

     David Wayne McCall, Texas prisoner number 876980, appeals
from an order of the district court granting summary judgment to
defendants Scott Peters, Michael D. Scott, and the City of
Coppell in his 42 U.S.C. § 1983 action.  We review the district

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's grant of summary judgment <u>de novo</u>.  <u>Cousin v. Small</u>, 325 F.3d 627, 637 (5th Cir.), <u>cert. denied</u>, 124 S. Ct. 181 (2003).

McCall argues that Peters and Scott lacked probable cause to arrest him.  He asserts that they knowingly presented an arrest warrant affidavit that contained false and misleading information and omitted exculpatory facts.  He argues that the district court failed to consider his summary judgment evidence and resolved disputed issues of fact.  We conclude from the totality of the circumstances in the summary judgment record that Peters and Scott had probable cause to seek a warrant for McCall's arrest and that, even setting aside the allegedly false information in the warrant affidavit, probable cause is evident.  <u>See</u> <u>Freeman v. County of Bexar</u>, 210 F.3d 550, 553-54 (5th Cir. 2000); <u>Sorenson v. Ferrie</u>, 134 F.3d 325, 328 (5th Cir. 1998).  Therefore, the district court's dismissal of the false arrest claim on grounds of qualified immunity is affirmed.

McCall also argues that Peters committed perjury at an examining trial.  However, he has not sufficiently briefed the issue, and the perjury claim is deemed abandoned.  <u>See</u> <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993); <u>see</u> <u>also</u> FED. R. APP. P. 28(a)(9)(A).  McCall's civil conspiracy claim also fails because he has not shown an actual violation of his rights or an agreement by the defendants to commit an illegal act.  <u>See</u> <u>Hale v. Townley</u>, 45 F.3d 914, 920 (5th Cir. 1995); <u>Arsenaux v. Roberts</u>, 726 F.2d 1022, 1024 (5th Cir. 1982).

McCall argues that the City of Coppell had a long history and custom of allowing its officers to make illegal arrests. Because McCall failed to show that his arrest was illegal, he cannot show that an official policy or custom caused the violation of his constitutional rights. See Monell v. Department of Soc. Servs. of City of New York, 436 U.S. 658, 690 (1978); Piotrowski v. City of Houston, 237 F.3d 567, 578-79 (5th Cir. 2001). McCall's state law claims are deemed abandoned for failure to brief them. See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994).

McCall argues that he was not given an opportunity for discovery because he was misled by the wording of the district court's protective order. We have already rejected a similar claim by McCall in an earlier appeal where we held that the protective order was clearly written and would not be confusing or misleading to a lay person. See McCall v. Peters, No. 02-11189 (5th Cir. Aug. 29, 2003)(unpublished).

AFFIRMED.