**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 99-50608
_____


LILLIAN FREEMAN,

Plaintiff - Appellant,

VERSUS

COUNTY OF BEXAR; ET AL,

Defendants,

JOHN JENNINGS, Individually and in his official capacity;
GEORGE SAIDLER, Individually and in his official capacity,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
_____

May 4, 2000

Before JONES, DUHÉ, and WIENER, Circuit Judges

DUHÉ, Circuit Judge

In this 42 U.S.C. § 1983 case, Appellant Lillian Freeman challenges the district court's entry of summary judgment granting Officer John Jennings and Detective George Saidler qualified immunity.  We affirm.

BACKGROUND

This is the second time we have entertained an appeal from the

district court's grant of summary judgment in this matter.[1]  In Freeman I we reversed and remanded to the district court so that it could consider the affidavit of Appellant Freeman's expert witness, Ray Hildebrand.  On remand, the district court did so and again granted summary judgment to Detective Saidler and Officer Jennings ruling that they were entitled to qualified immunity.

### STANDARD OF REVIEW

We review a grant of summary judgment de novo, viewing the facts and inferences in the light most favorable to the party opposing the motion.  See Hall v. Gillman, Inc., 81 F.3d 35, 36-37 (5th Cir. 1996).  Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In order to prevail in the instant case, Freeman must demonstrate that a genuine issue of material fact exists as to

---

[1]For an in depth recitation of the events underlying Appellant's claim see Freeman v. County of Bexar, 142 F.3d 848 (5th Cir. 1998) ("Freeman I").  Briefly, the San Antonio Police Department arrested Freeman twice on suspicion that she had committed two separate bank robberies.  The state eventually charged Freeman in connection with these two robberies.  Later, during a third similar robbery, the police apprehended another suspect, Carolyn Yvonne Butler.  The federal government indicted and convicted Butler for all three robberies.  The state ended its prosecution of Freeman several weeks after Butler's conviction.  Freeman sued a number of county and municipal actors including Detective Saidler, the investigating officer in the first robbery, and Officer Jennings, the investigating officer in the second robbery, for deprivation of her civil rights.

2

whether the Appellees knowingly provided false information to secure the arrest warrants or gave false information in reckless disregard of the truth. See Franks v. Delaware, 438 U.S. 154, 171 (1978). Since we must draw all disputed inferences in the Appellant's favor, we must disregard any such properly contested statements in the affidavits and then determine whether the warrant would establish probable cause without the allegedly false information. See id.[2] Appellant must then demonstrate an issue of material fact as to whether any reasonably competent officer possessing the information that each officer had at the time he swore his affidavit could have concluded that a warrant should issue. See Malley v. Briggs, 475 U.S. 335, 341 (1986). We must look to the totality of circumstances in making this decision. See Illinois v. Gates, 462 U.S. 213, 238-39 (1983). Even if officers of reasonable competence could disagree on this issue, the Appellees are still entitled to qualified immunity. See Malley,

---

[2]We find a bit puzzling the district court's citation to Hart v. O'Brien, 127 F.3d 424 (5th Cir. 1997) abrogation on other grounds recognized by Spivey v. Robertson, 197 F.3d 772, 775 (5th Cir. 1999) citing Kalina v. Fletcher, 522 U.S. 118 (1997), for the proposition that "[b]ecause the Court must view the facts in the light most favorable to plaintiff, it will not consider the disputed facts in determining the qualified immunity question." Upon careful review of the opinion, however, it appears that the district court meant no more than that if Freeman could create a material issue of fact as to the truthfulness of any of the statements in the affidavits, then those statements would be disregarded when it examined the overall reasonableness of the officers' respective probable cause determinations. While we agree with the Appellant that the district court's reference to Hart is prone to misinterpretation, we are confident that the district court correctly applied the standard as laid out in Franks.

3

475 U.S. at 341.

DISCUSSION

I. Detective Saidler

Freeman contends that Saidler acted unreasonably in his swearing of the probable cause affidavit recommending her first arrest. She alleges that Saidler both included false information in his affidavit and excluded exculpatory information from it.

Saidler based his affidavit upon: the sworn statements of bank tellers Susan Rios and Joey King that the woman pictured in an FBI surveillance picture shown to them was the one who had committed the first robbery; Robert Marley's confidential disclosure that he had worked with Freeman and recognized her from a local broadcast of the FBI picture on a "crime stoppers" segment; the affidavit of Christina Hansen, Freeman's former co-worker, in which she stated that she "recognized the girl as Lillian Freeman" and that Freeman had sunglasses "like the one[s] in the pictures;" the affidavit of Matthew Huizar, Freeman's former co-worker, who looked at a series of surveillance pictures and stated in his affidavit that he "told [Saidler] it was Lillian Freeman;" and the fact that the police seized from Freeman's house a sweatshirt, pants, sunglasses and a wig similar to those pictured in the FBI surveillance photo. On the whole, this information is sufficient to support a reasonable officer's belief that probable cause existed. Still, we must determine whether Freeman's allegations create a material issue of fact as to the truthfulness of any of

the information and/or whether Saidler excluded allegedly exculpatory material that might call into question the reasonableness of his probable cause determination.

A.  Rios' and King's Statements

Freeman alleges that Saidler falsely stated that Rios and King had positively identified her as the robber.  This allegation is wholly without merit.  Saidler's affidavit reads simply that "the black female in the photograph developed by the FBI was the individual that robbed the San Antonio Credit Union at gunpoint on 6-4-91."  The record clearly indicates that both Rios and King stated that the unnamed person in the picture looked like the person that had robbed them.  They did not indicate that the robber was Freeman, and Saidler did not suggest that they did.

B.  Marley's Confidential Identification

Freeman contends that under Aquilar v. Texas, 378 U.S. 108, 110-114 (1964) abrogated on other grounds by Gates, 462 U.S. at 238-39, Marley's confidential identification of her as the robber lacked sufficient supporting facts to establish probable cause. Freeman's reliance on Aquilar is misplaced.  Unlike Saidler's affidavit, the affidavit in question in Aquilar contained only unsupported allegations of a confidential informant.  See id. at 109, n.1.  Saidler listed Marley's testimony as but one factor in his probable cause determination.  Moreover, Marley informed the police that he had worked with Freeman and thus provided some indication that his information was credible.  Accordingly, we

5

cannot read Aquilar to suggest that Saidler's partial reliance upon Marley's testimony was unreasonable.

C. Hansen and Huizar Affidavits

Freeman insists that Saidler coerced Hansen and Huizar into identifying her and misstated the strength of their testimony in his affidavit. Freeman's alleged evidence of coercion consists of each witnesses' subsequent statements that Saidler appealed to his or her civic duty to testify and Hansen's references to Saidler's size and physical build. While evidence of reliance upon coerced testimony may be enough to defeat a summary judgment grant of immunity, see Geter v. Fortenberry, 882 F.2d 167, 170-71 (5th Cir. 1989), Freeman's allegations do not permit any inference of coercion. Both Hansen and Huizar admitted to being reluctant to testify in this matter. There is no evidence that Saidler did anything more than request that each reluctant witness testify. Appealing to an uncooperative witness' civic duty to testify is fundamentally different from coercing a witness to testify to a certain fact. Cf. Coolidge v. New Hampshire, 403 U.S. 443, 488 (1971) ("But it is no part of the policy underlying the Fourth and Fourteenth Amendments to discourage citizens from aiding to the utmost of their ability in the apprehension of criminals."). Neither Hansen's nor Huizar's testimony suggests that Saidler appealed to their civic duty specifically to implicate Freeman. Moreover, the mere fact that Detective Saidler is a large man does not permit a reasonable inference of coercion.

As there is no credible evidence of coercion, Saidler's reliance upon the exact wording of Hansen's and Huizar's sworn statements is undoubtedly reasonable. He simply could not have predicted their later recanting.[3] Because we look to the totality of circumstances as they existed at the time that the officer determines whether probable cause exists, Hansen's and Huizar's subsequent disavowals do not create an issue of material fact as to the truthfulness of Saidler's affidavit.

D. Seized Items

Freeman insists that the items seized from her house are so common that they cannot form the basis of probable cause. Again, while the seized items alone may not provide probable cause, when taken as a whole the information included in Saidler's affidavit is sufficient to permit a reasonable officer to infer that probable cause existed for Freeman's arrest.

E. Omitted Evidence

Freeman alleges that Saidler was aware of exculpatory information that he did not include in his affidavit. Freeman

---

[3]Appellant correctly notes that the district court ventured beyond the proper scope of review on summary judgment when it stated that it "does not find the testimony of Huizar and Hansen credible.". See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Still, whether or not the district court found Huizar and Hansen credible is irrelevant for determining the reasonableness of Saidler's actions at the time he swore his affidavit. Saidler could not have predicted that the witnesses would later recant their testimony and did not have any information suggesting that they were not telling the truth in their sworn statements.

cites first to Saidler's alleged awareness of the United States Attorney's and the FBI's respective determinations that they did not have probable cause to arrest her. This evidence demonstrates little more than that reasonable officers disagreed. It does nothing to show that Saidler acted unreasonably. Next, Freeman notes that the results of a latent fingerprint analysis did not implicate her. As the district court reasoned, this evidence is inconclusive at best. It neither implicated, nor exonerated Freeman and we cannot read it to do either.

Freeman's final assertions of error concern Saidler's failure to investigate another anonymous tip given to the crime stoppers program and the failure of any police officer to identify Freeman as the robber by comparing the surveillance photos with other photos of Freeman. We agree with the district court that there is no evidence to suggest that either of these allegations calls into question the reasonableness of Saidler's actions.

II. Officer Jennings

Freeman insists that Jennings acted unreasonably in relying upon Saidler's investigation of the first robbery in determining probable cause for her arrest in the second robbery. Because there is no genuine issue of material fact concerning the reasonableness of Saidler's investigation, it follows that Jennings was reasonable in his reliance upon the information gleaned from this investigation. See United States v. Walker, 960 F.2d 409, 416 (5th Cir. 1992) (holding that determination of probable cause may rest

8

upon the collective knowledge of the police force if there is communication between the officers). Freeman demonstrates no issue of material fact as to the truthfulness of any of the information relied upon by Jennings[4]; and, accordingly, there is no question as to the reasonableness of his actions.

## CONCLUSION

For the above stated reasons, we AFFIRM the trial court's grant of summary judgment to Detective Saidler and Officer Jennings.

---

[4]Once again, Freeman misstates the officers' reliance upon the King and Rios testimony. She insists that Jennings's claimed in his affidavit that Saidler informed him that Rios and King had identified Freeman as the robber. Just like Saidler's affidavit, Jennings's states merely that King and Rios recognized the unnamed woman in the FBI photo as the woman who had robbed them. Neither officer suggested that King and Rios indicated that the pictured woman was Freeman.