IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20833
(Summary Calendar)
_____

LARRY MISHU BISHOP,

                                    Plaintiff-Appellant,

versus

L.D. GARRETSON, # 61099;
NORMAL TREMELL MOSLEY,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(H-99-CV-1789)
--------------------
June 26, 2000

Before POLITZ, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-Appellant Larry Mishu Bishop, Texas prisoner #
826281, appeals the district court's grant of summary judgment in
favor of defendant police officer L.D. Garretson, and the dismissal
of Bishop's pro se 42 U.S.C. § 1983 civil rights complaint, as
being barred by the doctrine of Heck v. Humphrey, 512 U.S. 477
(1994).

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

In his complaint, Bishop alleged that Garretson filed a probable-cause affidavit that contained several false paragraphs, resulting in his unconstitutional arrest on aggravated-assault charges. A Texas jury ultimately convicted Bishop of the aggravated assault of Norman Mosley, the other defendant named in this matter, and the trial court sentenced Bishop to 40 years in prison. In Heck, the Supreme Court directed that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal or otherwise invalidated by official action. See Heck, 512 U.S. at 486-87.

Bishop now argues that dismissal on grounds of Heck was erroneous because his arrest and the filing of the probable-cause affidavit were independent of his conviction and sentence. See Heck, 512 U.S. at 487 (if a judgment in favor of the plaintiff in a § 1983 action would not necessarily imply the invalidity of his criminal conviction, dismissal under Heck is inappropriate). There is an absence of evidence that Bishop's conviction was based on evidence resulting from the arrest or the filing of the probable-cause affidavit. Accordingly, the district court's dismissal of Bishop's complaint under Heck was error. See Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1994).

We may nonetheless "affirm the district court's judgment on any grounds supported by the record." Sojourner T v. Edwards, 974

2

F.2d 27, 30 (5th Cir. 1992). A review of the record on appeal reveals that Bishop's claims regarding his arrest are meritless. To prevail on his claim, Bishop would be required to show that Garretson "knowingly provided false information to secure the arrest warrant[ ] or gave false information in reckless disregard of the truth." Freeman v. County of Bexar, ___ F.3d ___ (5th Cir. May 4, 2000, No. 99-50608), 2000 WL 422920 at *1 (citing Franks v. Delaware, 438 U.S. 154, 171 (1998)). The arrest may still be constitutionally valid if, when the allegedly false or malicious material in a probable-cause affidavit is excised, sufficient material remains in the affidavit to support a finding of probable cause. See Franks, 438 U.S. at 171-72. Bishop has not denied that Officer Garretson truthfully attested that the victim, Mosley, told him that Bishop, whom he knew as "Big Red," was the person who shot him. This information from a "victim eyewitness" was sufficient to support a finding of probable cause for Bishop's arrest. See Hale v. Fish, 899 F.2d 390, 399 (5th Cir. 1990). Because there is no genuine issue of material fact with respect to whether there was probable cause to support the arrest, see Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the granting of summary judgment was proper.

Bishop's "abuse of process" claim is frivolous because he has not suggested that process was used for any purpose other than institution of a criminal complaint, which is a proper use of process. See Brown v. Nationsbank Corp., 188 F.3d 579, 587 (5th Cir. 1999), petition for cert. filed (U.S. Feb. 24, 2000).

3

Bishop's contention that the district court erred in denying his motion for additional discovery is meritless because he has failed to show that discovery was necessary to establish any issue of material fact that would preclude summary judgment.  See King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994).  Finally, Bishop's contention that the court erred in dismissing the complaint "with prejudice" is incorrect.  See Stephenson v. Reno, 28 F.3d 26, 28 (5th Cir. 1994).

The judgment of the district court is AFFIRMED.