IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10442
Summary Calendar

_____

CHRIS MCNUTT,

Plaintiff-Appellant,

versus

OLEN MANNING; MIKE COKER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CV-1741-H
--------------------
December 18, 2000

Before JOLLY, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:[1]

Chris McNutt appeals the district court's order granting summary judgment to Olen Manning and Mike Coker, denying his claims under 42 U.S.C. § 1983 and state law concerning the search and seizure of his vehicles and vehicle salvage parts, located in the front and back of his house, and his arrest. McNutt argues that the district court erred in holding that Manning and Coker were entitled to qualified immunity from liability for his § 1983 claims and state law claims concerning the search and seizure and his arrest. He argues that Manning and Coker did not have probable cause or a warrant to search his vehicles and parts in front or

_____

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

behind his house and that he did not consent to the search and seizure. Because administrative searches of salvage yards are exceptions to the warrant requirement of the Fourth Amendment, Manning and Coker did not violate McNutt's Fourth Amendment rights by searching the vehicles and parts in front and behind McNutt's house. See United States v. Thomas, 973 F.2d 1152, 1155 (5th Cir. 1992); see also Tex. Rev. Stat. Ann. art. 6687-2(j)(West Supp 2000); Tex. Rev. Stat. Ann. art. 6687-1a(17)(West Supp. 2000).

McNutt argues that the district court erred in holding that Manning and Coker were entitled to qualified immunity from liability for conversion of his property. Because Manning and Coker were lawfully on McNutt's property and had probable cause to associate the vehicles and parts with criminal activity, the seizure of the vehicles and parts was appropriate. See Thomas, 973 F.2d at 1156. McNutt has not shown that the defendants are liable for conversion of his property. See Varel Mfg. Co. v. Acetylene Oxygen Co., 990 S.W.2d 486, 496 (Tx. App. 1999).

McNutt argues that the district court erred in holding that Manning and Coker were entitled to qualified immunity from liability for false arrest. Because McNutt has not shown that Manning and Coker "knowingly provided false information to secure the arrest warrant[] or gave false information in reckless disregard of the truth," they have not shown that Manning and Coker are liable for false arrest. See Freeman v. County of Bexar, 210 F.3d 550, 553 (5th Cir. 2000).

AFFIRMED.