IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30380
Summary Calendar

_____


WILLIAM HENRY MARCHBANKS, Etc.; ET AL

Plaintiffs

WILLIAM HENRY MARCHBANKS, Individually and as the Father of and
on behalf of Milton Matthew Marchbanks

Plaintiff - Appellant

v.

DAWSON CLEVELAND FRANKLIN; ELMER LITCHFIELD; NUTMEG INSURANCE
COMPANY

Defendants - Appellees

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 97-CV-161
- - - - - - - - - -
October 10, 2001

Before KING, Chief Judge and DAVIS and EMILIO M. GARZA, Circuit
Judges.

PER CURIAM:[*]

William Henry Marchbanks appeals the district court's grant

of summary judgment dismissing his 42 U.S.C. § 1983 civil rights

complaint and supplemental state claims based on allegations of

false arrest, false imprisonment, malicious prosecution, loss of

consortium, and emotional distress.  The district court held that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Deputy Dawson Cleveland Franklin was entitled to qualified immunity.

Marchbanks argues that the affidavit drafted by Deputy Franklin lacked sufficient indicia of probable cause and that a reasonably well-trained officer would not have believed that the affidavit and arrest warrant demonstrated probable cause to arrest Marchbanks. He further contends that if Deputy Franklin had obtained handwriting samples from Marchbanks, he would have recognized that Marchbanks' signature was forged on an agency agreement between Marchbanks' company, M&M Enterprises, and Electronic Telecommunications Media, Inc. (ETM).

Marchbanks' argument is insufficient. The issue is not whether Deputy Franklin's affidavit showed that he had probable cause to arrest Marchbanks but whether there is a genuine issue of material fact whether Franklin knowingly provided false information to secure the arrest warrant or gave false information in reckless disregard of the truth. *See Freeman v. County of Bexar*, 210 F.3d 550, 553 (5th Cir.), *cert. denied*, 531 S. Ct. 993 (2000).

Based on his investigation, Franklin knew that a fraudulent scheme was being perpetrated by ETM. After he discovered the agency agreement between ETM and M&M Enterprises, Franklin also believed that ETM had enlisted the support of M&M Enterprises and its president (Marchbanks) to solicit advertising contracts. Franklin was aware that fraudulent invoices were being used for the M&M account. He also was aware that ETM employees had been in contact with Marchbanks by phone and by fax. Further

investigation revealed that M&M Enterprises did not exist as a business entity at the address listed in its documents. Rather, the address given was a trailer in the Arizona desert where Marchbanks was living. Based on the totality of circumstances, Deputy Franklin reasonably concluded that Marchbanks and his "business" conspired with ETM to fraudulently obtain money through false invoices. Deputy Franklin's conclusion that a warrant should issue was reasonable based on the information that he possessed at the time he swore out the affidavit for an arrest warrant. *See Freeman*, 210 F.3d at 553.

Other than his theory about the forged signature, Marchbanks has not identified any misstatements or omissions that possibly would raise a genuine issue of material fact. *See Morin v. Caire*, 77 F.3d 116, 122 (5th Cir. 1996). Nor does Marchbanks dispute any of Franklin's factual allegations that supported the district court's conclusion in support of qualified immunity. Accordingly, the district court properly granted summary judgment. Because Franklin was entitled to qualified immunity under § 1983, he also is entitled to qualified immunity against Marchbanks' state claim for false arrest. *See Moresi v. Dep't of Wildlife & Fisheries*, 567 So. 2d 1081, 1093-94 (La. 1990) (recognizing the similarity of qualified-immunity analysis whether arising under § 1983 or Louisiana constitution). Furthermore, Sheriff Litchfield and Nutmeg Insurance Company were entitled to summary judgment on the state claims because of Deputy Franklin's qualified immunity. Accordingly, the district court's judgment is AFFIRMED.