United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60549

JAMES BRANNON MASON, MELISSA LEE MASON,
and JUSTIN BOYD,

          Plaintiffs-Appellants,

     v.

LOWNDES COUNTY SHERIFF'S DEPARTMENT,
and LOWNDES COUNTY, MISSISSIPPI,

          Defendants-Appellees.

Appeals from the United States District Court
for the Northern District of Mississippi
1:02-CV-146-SAA

Before DAVIS, BENAVIDES and PRADO, Circuit Judges.

DAVIS, Circuit Judge:[*]

     Plaintiffs' residence was subjected to a search based on information that later turned out to be incorrect. Plaintiffs brought suit under 42 U.S.C. § 1983 alleging violation of their federal constitutional rights, as well as various state law tort claims. The district court granted summary judgment in favor of Lowndes County on all federal claims and in favor of the individual defendants based on qualified immunity. In this appeal the

---

     [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

plaintiffs assert that the district court erred in finding (1) that the warrant in question was supported by probable cause, (2) that the warrant was executed in an objectively reasonable manner, and (3) that the individual defendants were entitled to qualified immunity. The plaintiffs further assert that the district court improperly allowed the defendants to introduce irrelevant information in the trial of the state law tort claims. We find no error, and AFFIRM.

## I.

On March 1, 2002, deputies of the Lowndes County, Mississippi, Sheriff's Department attempted to arrest Mac Burke (Burke) on a felony arrest warrant issued in Alabama. Narcotics agents Tim Howell (Howell) and Larry Swearingen (Swearingen) were among the officers involved in the attempted arrest. Burke was in his truck at the time of the attempted arrest, and when he refused to exit the vehicle one of the deputies smashed the passenger side window of the truck. Burke then put his truck in gear and sped away, almost running over some of the deputies. The deputies fired their weapons at the truck, striking it at least once. The truck also may have suffered some front end damage when Burke ran over a street sign during his getaway.

On March 15, 2002, the Narcotics Division of the Lowndes County Sheriff's Department received information from a confidential informant that Burke could be found at an apartment in Columbus, Mississippi, which is located in Lowndes County. The

informant also stated that there was a stolen vehicle and a methamphetamine lab at that address. The deputies verified that a vehicle meeting the description of the one driven by Burke was at the address given by the informant. A search warrant was obtained and executed this same day, and the stolen vehicle and meth lab were seized. Burke, however, was not there at the time. Shawn Murphy, an individual arrested at the address, said that Burke had left the apartment about fifteen minutes before the officers arrived.

On March 16, 2002, the same confidential informant informed the officers that Burke was located at another residence in Lowndes County and that his truck was parked outside that address. The deputies drove to the address and observed a truck matching the description of the one driven by Burke parked in the driveway. The officers could not inspect the truck up-close because several people were standing in front of the residence. A search warrant was obtained and executed for the residence, which is the home of plaintiffs James and Melissa Mason. In addition to plaintiffs, present at the residence were the Mason's two sons and Justin Boyd.

The officers entry into the home was forceful. When the officers entered the home, James Mason attempted to retrieve a firearm. He was stopped by the officers, forced to the floor, and placed in handcuffs. Melissa Mason and Justin Boyd were restrained at gunpoint while the officers searched the home. After determining that Burke was not at the residence, the officers

exited the home. After exiting, the officers examined the truck in the driveway more closely and determined that it was not the same truck the officers had previously seen Burke driving.

The plaintiffs filed suit under 42 U.S.C. § 1983 claiming that the arrest warrant was not supported by probable cause, the search of the residence was carried out in an unreasonable manner, and that the officers used excessive force in violation of the Fourth Amendment. The plaintiffs further claimed that the search was unreasonable under the Mississippi Constitution and asserted various state law tort claims. Defendants Howell and Swearingen moved for summary judgment based upon qualified immunity. Defendant Lowndes County also moved for summary judgment. The district court granted the individual defendants' motion based on qualified immunity. The district court later granted Lowndes County's motion for summary judgment on all federal claims. The state tort law claims against Lowndes County were allowed to proceed. After a trial on the merits, a jury found Lowndes County not liable under state tort law. The district court then entered final judgment dismissing the plaintiffs' claims. Plaintiffs filed this appeal.

## II.

We review the district court's grant of summary judgment de novo, considering all evidence in a light most favorable to the non-movant. *Campos v. City of Houston*, 113 F.3d 544, 545 (5th Cir. 1997). Summary judgment will be affirmed where, after independent

-4-

review, there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. *Walker v. Thompson*, 214 F.3d 615, 624 (5th Cir. 2000). Summary judgment may be affirmed on any basis supported by the record. *Conkling v. Turner*, 138 F.3d 577 (5th Cir. 1998).

A.

On their claim of illegal seizure under the Fourth Amendment, the plaintiffs first argue that a genuine issue of material fact exists as to whether the search warrant issued for the plaintiffs' home was based on probable cause. Plaintiffs allege that Officer Howell's affidavit, on which the magistrate judge based his finding of probable cause, contained intentional or reckless false statements. As support for this claim, the plaintiffs point to the following paragraph from Howell's affidavit:

> On Saturday, March 16, 2002, Agent Howell received information from the same cooperating indivvidual (sic) who stated that Mac Burke was located at 2990 Yorkville Rd. East in Lowndes County, MS. The cooperating individual advised that the black chevy truck that was used in the aggravated assault on narcotics agents last week was also at this residence. Agents physically observed the vehicle parked under the car port of this residence. Agents also observed several people standing in front of the residence.

R. Vol. 1, p. 20. Plaintiffs point out that it was Officer Collins, not Officer Howell, who spoke directly with the confidential informant who then relayed the information to Officer Howell. Plaintiffs further point out that the confidential informant never specifically stated that Burke was at the address

-5-

provided and that the agents did not observe Burke's truck at the residence, rather they only saw a truck that looked like Burke's.

Affidavits used to support a search warrant are presumed valid. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). The veracity of the affidavit may only be attacked upon a showing of deliberate falsehood or reckless disregard for the truth by the affiant. *Id.* In the context of a § 1983 case, to survive summary judgment the plaintiffs must demonstrate that a genuine issue of material fact exists as to whether the false information contained in the affidavit was provided deliberately or with reckless disregard for the truth. *Freeman v. County of Bexar*, 210 F.3d 550 (5th Cir. 2000). To meet this burden the plaintiffs must make a "strong preliminary showing" that the affiant made the misstatement or omission "with the intent to mislead the magistrate." *United States v. Tomblin*, 46 F.3d 1369, 1377 (5th Cir. 1995) (quoting *United States v. Clokley*, 899 F.2d 297, 301 (4th Cir. 1990).[2]

The plaintiffs argue that merely showing the falsity of these statements is sufficient to survive summary judgment and that it is the province of the jury to determine whether the statements were made intentionally or recklessly. This argument is without merit. *Franks* clearly puts the burden on the challenger to make a substantial showing of deliberate falsity or reckless disregard for

---

[2] Although *Tomblin* concerned material omissions as opposed to material misstatements, the standard is the same. *United States v. Martin*, 615 F.2d 318 (5th Cir. 1980).

the truth. *Franks,* 438 U.S. at 171. Only then does the factfinder's role of determining whether probable cause exists absent the false information come into play. *See id.; Hill v. McIntyre*, 884 F.2d 271, 276 (6th Cir. 1989). In a criminal case this role is necessarily performed by the trial court at a suppression hearing; however, in a § 1983 case the task belongs to the jury. *Hill v. McIntyre*, 884 F.2d at 276.

Other than the conclusory allegations contained in their complaint, the plaintiffs have offered no evidence that the errors in the affidavit resulted from a deliberate attempt to mislead the magistrate judge. *Tomblin*, 46 F.3d at 1377. The inaccuracies in Officer Howell's affidavit appear to be at most a negligent interpretation by Howell of Collins's report of his conversation with the informant. Unsupported allegations are insufficient to meet the plaintiffs' burden on this issue. *Franks*, 438 U.S. at 171. For these reasons, the district court did not err in granting summary judgment in favor of the defendants on this issue.

B.

The plaintiffs next argue that the district court erred in concluding that no genuine issue of material fact existed as to whether the search warrant was carried out in violation of the Fourth Amendment. The plaintiffs argue that the manner of entry into the home and the officers' conduct while inside the home were

both objectively unreasonable.[3]

1.

The plaintiffs first argue that the district court erred in concluding that the officers' use of a forceful "no-knock" entry was justified because of the officers' previous experience with Burke and his attempt to run over the officers with his truck.[4] The plaintiffs point out that Burke almost ran over the officers only after Deputy Swearingen broke out the passenger window of the truck. The plaintiffs argue that a jury could infer that Burke drove forward because he was frightened by the breaking of his window, rather than in an attempt to run over the officers. The plaintiffs further argue that in such a case a jury could infer that the officers' belief that the "no-knock" entry was necessary because Burke was dangerous was not reasonable. The plaintiffs also contend that the "no-knock" entry was unreasonable because the officers had no way of knowing whether Burke was inside the home at the time the warrant was executed. Finally, the plaintiffs argue that a jury could find that a "no-knock" entry was unnecessary

---

[3] In this appeal, the plaintiffs attempt to argue that the warrant was carried out in an unreasonable manner because officers failed to inspect the truck more closely before executing the warrant. This issue was not raised in the district court and will not be considered in this appeal. *Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002).

[4] There was conflicting testimony as to whether any announcement was made. The district court acknowledged this discrepancy but found it immaterial because a "no-knock" entry was warranted under the circumstances.

because the officers had the house surrounded, preventing Burke's possible escape.

Generally, the Fourth Amendment requires that law enforcement officers knock on the door and announce their presence before executing a search warrant. *Richards v. Wisconson*, 520 U.S. 385, 387 (1997). An announcement is not required, however, where "the police . . . have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime[.]" *Id*. at 394. The showing of reasonableness necessary to overcome the "knock-and-announce" requirement "is not high." *U.S. v. Washington*, 340 F.3d 222, 226 (5th Cir. 2003) (quoting *Richards*, 520 U.S. at 394.). In the instant case, Burke had previously endangered the lives of the arresting officers during his getaway. Even if he was not attempting to injure the officers, his action shows a complete disregard for their safety. Furthermore, Burke was associated with illegal drugs, and the fact that people associated with drugs often carry weapons should be considered when deciding the reasonableness of a no-knock entry. *United States v. Rodea*, 102 F.3d 1401, 1408 (5th Cir 1996); *United States v. Ramos*, 71 F.3d 1150, 1158 n.26 (5th Cir. 1995). For these reasons, the district court did not err in concluding that officers were reasonable in their suspicion that Burke was dangerous and their decision to perform a "no-knock"

entry was warranted.

2.

The plaintiffs next argue that the officers used excessive force in executing the warrant. The plaintiffs argue that the officers entered the home with their guns drawn. Plaintiff James Mason testified that he was forced to the ground and placed in handcuffs. Plaintiff Boyd stated that he was slammed to the floor and an officer put a knee in his back. Plaintiffs Melissa Mason and Boyd testified that they were detained at gunpoint throughout the search. The plaintiffs argue that under the circumstances of this case the officers' conduct was unreasonable and amounted to excessive force.

Claims of excessive force are analyzed under the "reasonableness" standard of the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989). The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer at the scene, rather than in hindsight. *Id*. at 396. Actual physical injury is a factor, but not a necessary element, of an excessive force claim. *Petta v. Rivera*, 143 F.3d 895, 901-902 (5th Cir. 1998). Rather, the proper inquiry is whether the use of force was "grossly disproportionate to the need[.]" Id. At 902.

In the instant case, the officers entered a home with an unknown number of occupants and with the expectation of

encountering a dangerous suspect who was known to be involved with drug activity. Moreover, when the defendants entered the home one of the plaintiffs attempted to retrieve a firearm. The record further reveals that the plaintiffs were detained at gunpoint for only a short period of time and that the officers immediately retreated from the home upon learning that Burke was not there. Finally, the plaintiffs have not alleged any physical injury as a result of the officers' actions. Considering the circumstances surrounding the execution of this warrant and the lack of physical injury to the plaintiffs, we conclude that the district court did not err in finding the actions of the officers were reasonable.

## C.

Because the summary judgment evidence reflects that none of the conduct complained of by the plaintiffs violated any constitutionally protected right of the plaintiffs, the district court correctly granted summary judgment to the individual officers and the county. *See Kipps v. Caillier*, 197 F.3d 765, 768 (5th Cir. 1999).

## III.

The plaintiffs argue finally that the district court erred in allowing the defendants to cross-examine plaintiff James Mason about his wife's (plaintiff Melissa Mason) participation in wet T-shirt contests that took place subsequent to the filing of this suit. The plaintiffs claim that this evidence is irrelevant.

The defendants argue that this evidence was relevant because Melissa Mason had alleged that she was "not sexy" and "not interested in sex anymore" as a result of the defendants' actions. Moreover, the defendants argue that the plaintiffs opened the door to this line of questioning by asking Melissa Mason about her lack of sex life since the incident.

Wet T-shirt contests are sexual in nature, and Melissa Mason's participation in such sex-related activities tends to contradict her testimony that she was no longer sexual. We therefore conclude that the district court did not abuse its discretion in allowing the defendants to cross-examine James Mason about his wife's participation in these activities.

IV.

For the reasons stated above, we affirm the district court's grant of summary judgment in favor of the defendants. We further find no abuse of discretion by the district court on the plaintiffs evidentiary claim.

AFFIRMED