# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 26, 2013

No. 12-30867
Summary Calendar

Lyle W. Cayce
Clerk

MICHELLE STOGNER,

Plaintiff-Appellant

v.

CHRIS STURDIVANT, Livingston Parish Sheriff's Officer; BRANT
MELERINE, Town of Livingston Police Department Officer,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:10-CV-125

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff Michelle Stogner is the widow of Donel Stogner ("Stogner"), who
died after a traffic stop and ensuing altercation with Defendants Chris
Sturdivant, a Livingston Parish Sheriff's Deputy, and Brandt Melerine, a
Livingston Police Officer. Plaintiff filed suit alleging an excessive force claim
under § 1983 and state law claims for battery, excessive force, failure to perform

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-30867

duties in a safe and reasonable manner, and torture.  The district court awarded summary judgment to Defendants on the basis of qualified immunity.  Plaintiff appeals.  For the reasons that follow, we AFFIRM.

The traffic stop and subsequent events were captured by Deputy Sturdivant's dashboard camera.  The traffic stop was conducted by Sturdivant.  After Sturdivant and Stogner pulled over to the side of the road, both men exited their vehicles and proceeded to converse amicably.   Sturdivant noticed a small plastic bag in Stogner's hand.  When Sturdivant inquired about the bag and asked Stogner to release it, Stogner denied he was holding anything and resisted efforts to show his hand and then to be handcuffed.  After about six minutes, Officer Melerine and another officer arrived at the scene, where Melerine helped Sturdivant restrain Stogner on the ground.  The officers finally handcuffed him.  A fourth officer who had arrived noticed that Stogner was not breathing.  The officers attempted to remove the plastic bag from Stogner's mouth, administered CPR, and called for an ambulance.  Stogner was transported to the hospital, where he was pronounced dead.  The bag contained methamphetamine.  The evidence is that Stogner had cardiomegaly (an over-sized heart) and 95% narrowing of his left anterior descending coronary artery; that 4,400 nanograms per millileter of metamphetamine were found in Stogner's blood during an autopsy, which is approximately 4,000 ng/ml more than necessary to induce violent and irrational behavior; and that Stogner's pre-existing heart conditions and the metamphetamine abuse contributed to Stogner's death.

The issue on appeal is whether Sturdivant and Melerine are entitled to qualified immunity. We review the district court's grant of summary judgment *de novo*, applying the same standards as the district court. *Hillman v. Loga*, 697 F.3d 299, 302 (5th Cir. 2012).  As a general rule, summary judgment is appropriate where "the movant shows that there is no genuine dispute to any material fact."  Fed. R. Civ. P. 56(a).  Where the officer pleads qualified

immunity in good faith, the burden then shifts to the plaintiff, who "bears the burden of negating the defense and cannot rest on conclusory allegations and assertions but must demonstrate genuine issues of material fact regarding the reasonableness of the officer's conduct." *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). In order to meet her burden, the plaintiff must show that "the officers' actions were objectively unreasonable, in light of clearly-established law at the time, and in light of the information the officers possessed." *Wagner v. Bay City, Tex.*, 227 F.3d 316, 321 (5th Cir. 2000). "Qualified immunity thus protects an official whose conduct was objectively reasonable, even if the conduct infringed upon a constitutional right of the plaintiff." *Id.* (internal quotations and citation omitted).

Having reviewed the dashboard video, we agree with the district court's reasoning and thus conclude that Sturdivant's and Melerine's actions were not objectively unreasonable. The crux of Plaintiff's argument is that there is a genuine issue of material fact as to whether and how her husband resisted arrest. Plaintiff does not dispute that Defendants' actions were in themselves legally permissible.[1] Rather, her central complaint is that Defendants' actions were not commensurate with her husband's actions because her husband did not actively resist arrest and, relatedly, did not pose a physical threat to the officers; thus, she contends that Defendants' actions were objectively unreasonable.[2]

---

[1] For instance, although it is arguable whether a choke-hold was ever used on Stogner (the video shows Sturdivant wrapping his arms around Stogner's neck to prevent him from swallowing the plastic bag), choke-holds in themselves are not legally impermissible. *See Wagner*, 227 F.3d at 324 (5th Cir. 2000) (holding choke-hold not objectively unreasonable where suspect physically resisted arrest). Likewise, application of force to the throat to prevent destruction of evidence is not in itself legally impermissible. *See United States v. Harrison*, 432 F.2d 1328, 1330 (D.C. Cir. 1970) (holding police did not act with undue force or brutality by grabbing defendant by the throat to prevent him from swallowing an envelope with ten heroin capsules).

[2] Throughout her appeal briefs, Plaintiff argues a distinction between "passive resistance" and "active resistance," the latter presumably encompassing instances when a

3

No. 12-30867

However, the dashboard video demonstrates otherwise. Stogner repeatedly refused to comply with Sturdivant's requests to "spit [the bag] out" and to place his hands behind his back. Sturdivant struggled to restrain Stogner, a relatively large man, against the hood of his patrol car and on the ground. At no point from the beginning of Sturdivant's initial request to release the plastic bag until the end of the struggle did Stogner attempt to comply with Sturdivant; indeed, Sturdivant had to exert considerable force to keep Stogner even minimally still. We cannot conclude from this evidence that Sturdivant's conduct was objectively unreasonable.

Likewise, the video does not show that Melerine acted with objective unreasonableness in attempting to restrain Stogner. At the moment that Melerine arrived, Sturdivant had not succeeded in handcuffing Stogner, and Sturdivant and Stogner were still engaged in a struggle. Melerine's application of force to Stogner's body was not clearly unreasonable in light of that struggle.

For these reasons, we conclude that Sturdivant's and Melerine's actions were not objectively unreasonable, and thus the officers were entitled to qualified immunity. This conclusion also decides Plaintiff's state law claims, all of which require unreasonable conduct. Plaintiff acknowledges this result, stating in her appeal brief that "the state law claims against Deputy Sturdiavnt and Officer Melerine arise from the same set of facts" as that of the § 1983 claim, and thus resolution of the § 1983 claim preordains resolution of the state law claims.

---

suspect physically strikes an officer. Plaintiff cites no authority for why "active resistance" is a prerequisite for the reasonableness of officers' conduct in circumstances such as these, and we are not convinced that this distinction alters the outcome. Similarly, we are not convinced that Stogner's presenting a physical threat to officers was a prerequisite for the reasonableness of the officers' conduct, especially where he was otherwise resisting arrest and where the officers were lawfully permitted to prevent the destruction of evidence.

4

No. 12-30867

Accordingly, the district court properly awarded summary judgment to Defendants Sturdivant and Melerine on Plaintiff's § 1983 claim and her state law claims. We emphasize that we agree with the district court that Stogner's death is unfortunate, but "given Mr. Stogner's intransigence in the face of Sturdivant's lawful requests, the Court cannot deny Deputy Sturdivant [and Officer Melerine] the qualified immunity [they are] entitled to under the law."

AFFIRMED.