# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2014

Lyle W. Cayce
Clerk

No. 13-50594

REGINALD JOHNSON; CALVIN MCLEAN; PETER MOTTLEY; JEFFREY WALTERS; CHRISTOPHER DOLES,

Plaintiffs - Appellees

v.

COMMANDER MARK NORCROSS; SERGEANT PATRICK SWANTON,

Defendants - Appellants

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:11-CV-212

Before SMITH, DeMOSS, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Appellants, Commander Mark Norcross and Sergeant Patrick Swanton, are defendants in a civil rights case related to the arrests of Appellees, Reginald Johnson, Calvin McLean, Peter Mottley, Jeffrey Walters, and Christopher Doles.

## I.    BACKGROUND

Appellees, Reginald Johnson, Calvin McLean, Peter Mottley, Jeffrey Walters, and Christopher Doles, were employed as police officers by the Waco

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50594

Police Department ("WPD") and as security guards by the Waco Housing Authority ("WHA"). In 2009 Appellees were arrested for misreporting their hours at the WHA. A grand jury failed to indict any of the appellees. Appellees filed a lawsuit pursuant to 42 U.S.C. § 1983 alleging that their Fourth and Fourteenth Amendment rights were violated when they were arrested without probable cause.

Appellees accused Appellants of making false statements and omitting material facts from their affidavits which Appellants submitted to obtain arrest warrants for Appellees. The affidavits accused Appellees of violating various sections of Texas Penal Code § 37.10 which states in part:

> (a) A person commits an offense if he:
> (1) knowingly makes a false entry in, or false alteration of, a governmental record;
> (2) makes, presents, or uses any record, document, or thing with knowledge of its falsity and with intent that it be taken as a genuine governmental record;
> (3) intentionally destroys, conceals, removes, or otherwise impairs the verity, legibility, or availability of a governmental record;
> (4) possesses, sells, or offers to sell a governmental record or a blank governmental record form with intent that it be used unlawfully;
> (5) makes, presents, or uses a governmental record with knowledge of its falsity; or
> (6) possesses, sells, or offers to sell a governmental record or a blank governmental record form with knowledge that it was obtained unlawfully.
>
> . . .
>
> (c)(1) Except as provided by Subdivisions (2), (3), and (4) and by Subsection (d), an offense under this section is a Class A misdemeanor unless the actor's intent is to defraud or harm another, in which event the offense is a state jail felony.

Norcross submitted affidavits in support of arrest warrants for Doles and Mottley, and Swanton submitted affidavits in support of warrants for McLean,

2

No. 13-50594

Johnson, and Walters. In the district court, Appellants filed motions for summary judgment based on qualified immunity. The district court denied Appellants' motions, and Appellants filed this interlocutory appeal.

## II. DISCUSSION

## A. Standard of Review:

We are reviewing the district court's denial of Appellants' motions for summary judgment based on qualified immunity. "The denial of a motion for summary judgment is ordinarily a non-final, non-appealable order; however, when such a motion is based upon qualified immunity, its denial is a collateral order that is immediately reviewable to the extent the denial was based on an issue of law." *Ramirez v. Martinez*, 716 F.3d 369, 373 (5th Cir. 2013). Our review is constrained in the present context.

> When reviewing an interlocutory appeal asserting qualified immunity, we lack the jurisdiction to review the district court's decision that a genuine issue of fact exists. Instead, this court's jurisdiction is limited to determining whether the district court erred in assessing the legal significance of the conduct that the district court deemed sufficiently supported for purposes of summary judgment.

*Id.* (internal quotation marks and citations omitted). Therefore, we will consider whether the genuine issues of material fact identified by the district court preclude summary judgment for Appellants.

## B. Appellees' Claims

Appellees alleged they were falsely arrested in violation of their constitutional rights. "To ultimately prevail on [their] section 1983 false arrest . . . claim[s], [Appellees] must show that [Appellants] did not have probable cause to arrest [them]." *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004). "Where an arrest is made under authority of a properly issued warrant, the arrest is simply not a false arrest." *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982). But we have recognized that both intentional

No. 13-50594

misrepresentations in warrant applications and material omissions from the same may give rise to Fourth Amendment claims. *Kohler v. Englade*, 470 F.3d 1104, 1113-14 (5th Cir. 2006).

Appellees accused Appellants of including false information in their warrant affidavits and omitting exculpatory information. Importantly, the district court denied Appellants' motions for summary judgment because it found there were fact issues on whether Appellants knowingly omitted exculpatory information from their affidavits. The district court did not find there were fact issues on whether Appellants intentionally included misrepresentations in their affidavits. Therefore, in this appeal, our review is strictly limited to the significance of the omissions identified by the district court.

In the present context, Appellees must demonstrate: (1) that Appellants knowingly or recklessly omitted exculpatory information from the affidavits they submitted in support of the warrant applications and (2) that "the warrant would [not have] establish[ed] probable cause" if the omitted information had been included in the affidavits. *Freeman v. Cnty. of Bexar*, 210 F.3d 550, 553 (5th Cir. 2000) (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978)). Because the district court found that there were fact issues on whether Appellants knowingly omitted the purportedly exculpatory information, we will assume that Appellants knowingly omitted the information and focus on the second prong of the analysis.

Turning to the second prong, viewing the evidence in the light most favorable to Appellees, the district court identified two potentially exculpatory facts which were omitted: "(1) the WHA did not require the timesheets to be completed with exact specificity; and (2) the Waco Police Department permitted lax record-keeping." Therefore, we will resolve those fact issues identified by the district court in favor of Appellees and will determine whether

4

No. 13-50594

a warrant supported by affidavits that included the omitted information would have established probable cause.

## C.     Probable Cause for What Crime?

Appellees argue that in order for their arrests to be valid, there had to be probable cause for the exact crime charged in the warrant.  The four Appellees who were charged with felony violations of § 37.10 argue that there had to be probable cause that they had committed felony violations of § 37.10. They argue that the related offense doctrine[1] only applies to warrantless arrests and does not apply to arrest warrants.

Appellants assert that the authorities cited by Appellees do not stand for the proposition that the related offense doctrine only applies to warrantless arrests.  Furthermore, they argue that this is not a related offense case.

In this case we are not considering charged and uncharged offenses. Appellees were charged with violating § 37.10 of the Texas Penal Code.  A basic violation of that section is a misdemeanor, and misdemeanor arrest warrants are issued in Texas.  *See Gordon v. State*, 801 S.W.2d 899, 915 (Tex. Crim. App. 1990).  The fact that four of the appellees were additionally charged with the culpable intent which converts a § 37.10 violation into a felony does not change the reality that they were still charged with misdemeanor violations of that section, albeit as lesser-included offenses.   Therefore, the arrests were

---

[1] In *Vance v. Nunnery*, 137 F.3d 270, 274 (5th Cir. 1998), we explained the related offense doctrine:

> [A] police officer may not obtain qualified immunity for an unconstitutional warrantless arrest by claiming that he could have arrested the plaintiff for another offense unless two conditions are satisfied. First, the charged and uncharged offenses must be "related." Second, the arresting officer must demonstrate that there was arguable probable cause to arrest the plaintiff for the uncharged related offense.

But in *Devenpeck v. Alford*, 543 U.S. 146, 152-155 (2004), the Supreme Court rejected the requirement that an uncharged offense had to be "closely related" to the charged offense.

5

constitutional if there was probable cause that Appellees had committed misdemeanor violations of the statute in filling out their WHA timesheets.

**D.     The Law of Qualified Immunity**

Appellants assert qualified immunity.  Importantly, Appellees bear the burden of demonstrating that Appellants are not entitled to qualified immunity.  *Pierce v. Smith*, 117 F.3d 866, 871-72 (5th Cir. 1997).  "This court applies a two-step analysis to determine whether a defendant is entitled to summary judgment on the basis of qualified immunity.  First, we determine whether, viewing the summary judgment evidence in the light most favorable to the plaintiff, the defendant violated the plaintiff's constitutional rights." *Freeman v. Gore*, 483 F.3d 404, 410-11 (5th Cir. 2007).   If the evidence viewed in the light most favorable to Appellees demonstrates that a constitutional violation occurred, "we next consider whether the defendant's actions were objectively unreasonable in light of clearly established law at the time of the conduct in question." *Id.* at 411.

**E.     Whether Appellants Are Entitled to Qualified Immunity**

We first consider whether warrants, which were based on affidavits which included the omitted information identified by the district court, would have established probable cause that each of the appellees committed a misdemeanor violation of § 37.10.  We will reach the issue of whether a reasonable officer could have thought there was probable cause only if we decide that there was no probable cause.

Appellant Norcross submitted affidavits supporting the arrest warrants for Doles and Mottley.  Appellant Swanton submitted affidavits supporting the arrest warrants for McLean, Walters and Johnson.  Doles reported working multiple shifts at the WHA at times when he was actually out of state.  In total, Doles's WHA timesheets and other evidence showed over three hundred hours of overlap or double-billing.  Mottley reported working several days at the

No. 13-50594

WHA when he was actually out of town for training. In total, Mottley's WHA timesheets and other evidence showed over one hundred thirty hours of overlap or double-billing. McLean's WHA timesheets and other evidence showed over one hundred fifty hours of overlap time or double-billing. Walters's WHA timesheets and other evidence showed approximately a dozen hours of overlap or double-billing. Furthermore, there was evidence that Walters had spent dozens of hours golfing at times when his WPD timesheets indicated he was on duty. Johnson's WHA timesheets and other evidence showed approximately sixty hours of overlap or double-billing.

Appellees assert that there was no probable cause because Appellants omitted information from the affidavits which was relevant to a potential defense. Specifically, Appellees argue that a § 37.10(f) defense was relevant to the probable cause inquiries. That section states: "It is a defense to prosecution under Subsection (a)(1), (a)(2), or (a)(5) that the false entry or false information could have no effect on the government's purpose for requiring the governmental record." TEX. PENAL CODE § 37.10(f).[2] Appellees argue that if the summary judgment evidence is viewed in the light most favorable to them, it demonstrates that "the purpose of the WHA timesheets was to ensure that each security officer worked 50 hours per [month] at his assigned WHA property." Accepting this as true, affidavits, which included the information that the WHA did not require exact specificity in its timesheets and the WPD permitted lax record-keeping, would have provided little support for the proposition that the errors in the WHA timesheets could have no effect on ensuring each officer worked his required hours.

---

[2] Texas law distinguishes between "defenses" and "affirmative defenses." *See* TEX. PENAL CODE §§ 2.03 and 2.04. Because Section 37.10(f) begins with the language "[i]t is a defense to prosecution," it is a "defense."

No. 13-50594

If Appellants were not required to consider facts which may have supported a defense in their probable cause analyses, warrants supported by properly constructed affidavits would have established probable cause that Appellees committed misdemeanor violations of § 37.10 in filling out their WHA timesheets based on the discrepancies between those timesheets and the other evidence addressed in the affidavits.  But even assuming that Appellants were required to consider facts which were potentially relevant to defenses in their probable cause analyses, we are satisfied that a potential § 37.10(f) defense did not vitiate probable cause in this case.  Therefore, we offer no opinion "whether, as a general principle, facts supporting the existence of a[] . . . defense are relevant to the determination of probable cause."  *Piazza v. Mayne*, 217 F.3d 239, 247 (5th Cir. 2000).  Furthermore, we hold that the district court erred in finding that the omissions it identified precluded summary judgment for Appellants on Appellees' false arrest claims and reverse the district court's holding to the contrary.

## III.   CONCLUSION

We reviewed the omitted information which was identified by the district court and hold that even if Appellants had included the omitted information in the affidavits, the warrants supported by those affidavits would have established probable cause to arrest Appellees for misdemeanor violations of Texas Penal Code § 37.10.  Because the omissions identified by the district court do not preclude summary judgment for Appellants on the false arrest claims, we reverse the district court's holding to the contrary and remand this case to the district court.

REVERSED and REMANDED.