**REVISED December 28, 2015**
# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10464
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
December 17, 2015

Lyle W. Cayce
Clerk

VERONICA HERNANDEZ,

> Plaintiff–Appellant,

v.

CITY OF LUBBOCK, TEXAS; ADAM GARRETT FREEMAN,

> Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:14-CV-159

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

The district court granted Defendant–Appellee Adam Garrett Freeman's motion for summary judgment on the basis of qualified immunity. We affirm.

## I.  BACKGROUND

At approximately 2:22 p.m. on November 8, 2010, Defendant–Appellee Adam Garrett Freeman, an officer with the City of Lubbock Police Department

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10464

("LPD"), observed Plaintiff–Appellant Veronica Hernandez and a male friend illegally "J walk" across Indiana Avenue, a seven-lane road in Lubbock, Texas. Officer Freeman activated his vehicle's lights, approached Hernandez and her friend, and directed them to "Come here." While Officer Freeman was not on duty at the time, he was wearing his LPD uniform and driving his LPD patrol car. After pausing, Hernandez and her friend complied with his command. Referencing the fact that they had jaywalked across a seven-lane road, Officer Freeman stated, "You know, you all are seriously stupid." Hernandez replied that she "didn't appreciate being called stupid."

According to Officer Freeman, as he began writing Hernandez and her friend citations for jaywalking, Hernandez started "yelling," challenged his authority to give her a ticket, and her movements "became aggressive" and "evasive." Due to her change in disposition, Officer Freeman decided to place her in handcuffs while he finished filling out the citations. However, when he reached for her wrist to apply his handcuffs, she moved. According to Officer Freeman, Hernandez "pulled her right wrist away from me in an attempt to cause me to lose my grasp." Conversely, Hernandez states that she merely "flinched." In response, Officer Freeman "dropped his citation book and wrapped [his] arm around her to control her." According to Officer Freeman, when Hernandez again moved her wrist, Officer Freeman forced her to lean over his patrol car. Officer Freeman states that at this point, Hernandez's friend began yelling and moved closer to Hernandez and Officer Freeman. Officer Freeman ordered Hernandez not to resist, told her friend to step back, and forced Hernandez to the ground so that he could apply his handcuffs. Another LPD officer arrived on the scene and arrested Hernandez's friend.

In addition to being cited for jaywalking, both Hernandez and her friend were taken to Lubbock's Juvenile Justice Center where Hernandez was charged with a misdemeanor for resisting arrest and her friend was charged

No. 15-10464

with a misdemeanor for interfering with a peace officer. Hernandez later pleaded *nolo contendere* to the jaywalking citation.

Hernandez filed a complaint in September 2014 asserting claims under 42 U.S.C. § 1983 and Texas law. In January 2015, Officer Freeman moved for summary judgment on the basis of qualified immunity. In May 2015, the district court held that Officer Freeman was entitled to qualified immunity, granted summary judgment in his favor, and entered a partial judgment pursuant to Federal Rule of Civil Procedure 54(b). Hernandez timely appealed.

## II.   DISCUSSION

The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). This Court has appellate jurisdiction to review the district court's partial judgment pursuant to 28 U.S.C. § 1291.

We review a district court's decision to grant a defendant's motion for summary judgment on the basis of qualified immunity de novo. *Correa v. Fischer*, 982 F.2d 931, 932 (5th Cir. 1993). A court should grant summary judgment if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On a motion for summary judgment, while "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor," *id.* at 255, "[t]he non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial," *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006).

A public official is entitled to qualified immunity on summary judgment unless (1) the plaintiff has "adduced sufficient evidence to raise a genuine issue of material fact suggesting [the official's] conduct violated an actual constitutional right," *Brumfield v. Hollins,* 551 F.3d 322, 326 (5th Cir. 2008),

and (2) the official's "actions were objectively unreasonable in light of clearly established law at the time of the conduct in question," *id.* (quoting *Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007)). As to the first of these prongs, we have previously described this inquiry as requiring the plaintiff to show a genuine issue of material fact that he or she suffered "(1) an injury (2) which resulted from the use of force that was clearly excessive to the need and (3) the excessiveness of which was objectively unreasonable." *Ramirez v. Martinez*, 716 F.3d 369, 377 (5th Cir. 2013) (quoting *Rockwell v. Brown*, 664 F.3d 985, 991 (5th Cir. 2011)). Once an officer raises qualified immunity as a defense, the burden shifts to the plaintiff to show that summary judgment should not be granted. *See Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). In opposing a motion for summary judgment on the basis of qualified immunity, a plaintiff "cannot rest on conclusory allegations and assertions but must demonstrate genuine issues of material fact regarding the reasonableness of the officer's conduct." *Id.*

Whether an officer has acted reasonably is analyzed from the perspective of a reasonable officer at the scene of the events. *Graham v. Connor*, 490 U.S. 386, 396 (1989). This "calculus . . . must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* at 396–97. "Objective reasonableness is a matter of law for the courts to decide, not a matter for the jury." *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999).

The district court found that Hernandez had not raised a genuine issue of material fact that Officer Freeman's use of force was "objectively unreasonable." We agree. Officer Freeman had probable cause to stop Hernandez as he observed Hernandez and her friend illegally jaywalk. Accordingly, he did not act unreasonably in choosing to arrest her. *See, e.g.*,

No. 15-10464

*United States v. Wadley,* 59 F.3d 510, 512 (5th Cir. 1995) ("Probable cause for a warrantless arrest exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense."). This is true even where the offense is minor, such as for failing to wear a seatbelt while operating a motor vehicle. *See Atwater v. City of Lago Vista*, 195 F.3d 242, 244 (5th Cir. 1999) *aff'd,* 532 U.S. 318 (2001).

There is also no genuine issue of material fact regarding the reasonableness of Officer Freeman's conduct in effectuating the arrest. A reasonable officer could have interpreted Hernandez's initial failure to immediately comply with Officer Freeman's command to "Come here" and challenge to his authority to issue her a ticket as circumstances requiring additional measures to ensure the suspect was under control. Accordingly, Officer Freeman did not act unreasonably when he put his arm around Hernandez and forced her to lean over his car while he attempted to handcuff her. Indeed, numerous courts, including this one, have held that police officers do not act unreasonably in forcing an individual to lean over his or her patrol car when the officer believes it necessary to gain control. *See, e.g.*, *Stogner v. Sturdivant*, 515 F. App'x 280, 282–83 (5th Cir. 2013) (per curiam); *Speirs v. City of Universal City, Tex.*, No. SA-10-CV-0222, 2010 WL 2721438, at *3 (W.D. Tex. July 8, 2010).

Hernandez has also failed to raise a genuine issue of material fact that Officer Freeman acted unreasonably in forcing her to the ground. *See, e.g.*, *Ibarra v. Harris Cty. Tex.*, 243 F. App'x 830, 835 (5th Cir. 2007); *Mason v. Lowndes Cty. Sheriff's Dep't*, 106 F. App'x 203, 208 (5th Cir. 2004); *White v. Briones*, No. H-09-2734, 2011 WL 66134, at *5, 11 (S.D. Tex. Jan. 7, 2011). Following her initial resistance to his authority, Hernandez moved her wrist when Officer Freeman attempted to handcuff her. Even accepting Hernandez's

5

characterization that she merely "flinched," she has not raised a genuine issue of material fact that a reasonable officer at the scene would not have interpreted her actions as an attempt to resist. As such, she has not shown that Officer Freeman acted unreasonably in his subsequent attempts to detain and handcuff her. Accordingly, Hernandez has not raised a genuine issue of material fact that Officer Hernandez acted unreasonably such that summary judgment was inappropriate.

## III.  CONCLUSION

For the foregoing reasons, we affirm the district court's grant of summary judgment in Defendant's favor.